## HINE v. SIMON et al.

No. 14140—Opinion Filed Sept. 18, 1923.

(Syllabus.)

1. **Acknowledgment — Contradiction of Certificate by Testimony of Grantor.**

The general rule is that the unsupported or uncorroborated testimony of the grantor is not sufficient to overcome the certificate of acknowledgment of the notary public to a conveyance regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledgment, or by other competent evidence; but such testimony may be sufficient if, in view of the circumstances and probability of the particular case, it produced a condition amounting to a moral certainty that the certificate is false.

2. **Deeds — Forgery of Deeds — Sufficiency of Evidence.**

Evidence examined, and held, that judgment of the trial court holding that the deeds under which defendant Hine claims title were forgeries is not clearly against the weight of the evidence.

3. **Convicts—Disability to Inherit Land.**

Pilot Island died in 1906, leaving his father, Harry Island, who at that time was serving a sentence in the federal penitentiary at Leavenworth, Kan., for murder; held, that Harry Island was not civilly dead and incapable of inheriting an interest in the land by reason of his conviction and imprisonment.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by Polly Simon against T. S. Hine and others. From a judgment for plaintiff and others, defendant Hine brings error. Affirmed.

Davis & Patterson and Lydick & Wilson, for plaintiff in error.

John W. Willmott and R. J. Roberts, for defendants in error.

COCHRAN, J. This suit was instituted by Polly Simon against T. S. Hine et al. to quiet title to certain lands in Seminole county, Okla. Judgment was rendered for Polly Simon for a one-fourth interest in the land and D. O. Jennings and J. A. Baker for a three-fourths interest in the land. From this judgment T. S. Hine has appealed.

The land in controversy was the allotment of Pilot Island, who was enrolled as a Seminole freedman and who died in 1906,

leaving surviving his father, Harry Island, and his mother, Polly, now Polly Simon. At the time of the death of Pilot Island, his father, Harry Island, was serving a life sentence in the federal penitentiary at Leavenworth, Kan., for murder. The defendant, T. S. Hine, claims title to property through deeds alleged to have been executed by Polly Simon on December 24, 1906, and on December 26, 1906, to James E. Foreman, and by a deed from the guardian of Gus Pilot, a minor. It is contended that Harry Island, having been confined in the penitentiary for life, was civilly dead and did not inherit any interest in the property, and that the entire property was inherited by Polly Simon and Gus Pilot.

The plaintiff alleged that she did not execute the two deeds to Foreman, but that they were forgeries. The deed of December 24, 1906, bears a regular statutory acknowledgment before a notary public and purported to have been executed by Polly Simon by her mark. The deed of December 26, 1906, purports to have been executed by Polly Simon and her husband, Jackson Simon, and bears a regular statutory acknowledgment. The acknowledgments were taken before different notaries and each notary testified at the trial and stated that the deeds were explained to the parties and were duly executed, acknowledged, and delivered. Polly Simon testified that she did not execute the instrument of December 24, 1906, and Polly Simon and her husband, Jackson Simon, testified that they did not execute the deed of December 26, 1906, and the only instrument executed and delivered to Foreman was a lease contract on 40 acres of the land. Jackson Simon testified that after discovering the existence of the Foreman deed in the early part of 1907, he saw Foreman and told him that he had not given him any deed, and Foreman stated that it would be all right, that no one would bother them about that, and that he had done it because he needed money. William Wright was present at this conversation and corroborated Jackson Simon's statement. The trial court found that the deeds to Foreman were forgeries and that Hine was not an innocent purchaser for value without notice.

It is insisted by the defendant Hine that the certificate of the notaries, supported by testimony of the notaries upon trial, cannot be overcome by unsupported testimony of grantor, and such is the rule announced by this court in Garber v. Hauser, 76 Okla. 292, 185 Pac. 436; but the court further says in that case:

"But such testimony may be sufficient if, in view of the circumstances and probability of the particular case, it produced a condition amounting to a moral certainty that the certificate is false."

From an examination of the testimony as to the circumstances surrounding this particular case, it does not appear that the decree of the court finding the instruments to be forgeries is clearly against the weight of the evidence, or that the court was not justified in concluding from all the facts and circumstances of this particular case that a condition amounting to a moral certainty as to the falsity of the certificates is shown.

The next question presented is whether Harry Island was incapable of inheriting an interest in the land in controversy, he having been convicted of murder and being confined in the penitentiary at the time of the death of Pilot Island. The death having occurred in 1906, the law as contained in Mansfield's Digest of Arkansas applies. There was no provision of the Arkansas law providing that imprisonment for a felony rendered a person civilly dead, but section 566, Mansfield's Digest, made applicable the common law of England, and it is necessary to look to the common law to ascertain whether the imprisonment of Harry Island rendered him incapable of inheriting. In re Estate of Donnelly, 123 Cal. 417, is not in point here, for by statute in that state a person sentenced to imprisonment for life is deemed civilly dead. Looking to the common law, we find the following language used by Lord Coke:

"Besides men attainted in a proemunire every person that it attainted of high treason, petit treason, or felony is disabled to bring any action, for he is extra legem positus, and is accounted in law civiliter mortuus." (Co. Litt. sec. 199.)

But in the exhaustive review of the subject, Justice Andrews in Avery v. Everett (N. Y.) 1 L. R. A. 264, concludes:

"The fair conclusion from a comparison of these passages is that the strict civil death mentioned by Littleton in this case of a monk professed, which was followed by an extinction of civil rights, including the right of property, was confined to monks and the two other cases mentioned by Coke. (Abjuration, banishment)."

Civil death did not attach for conviction for a felony under common law, and, that being the applicable law in the instant case, we conclude that Harry Island was not incapable of inheriting an interest in this land.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and KANE, KENNAMER, NICHOLSON, and MASON, JJ., concur.