## PITTSBURG COAL & MINING CO. v. WRIGHT et al.

No. 11903—Opinion Filed Feb. 1, 1927.

Rehearing Denied March 1, 1927.

(Syllabus.)

1. Acknowledgment—Impeachment of Certificate—Testimony of Grantor.

"The general rule is that the unsupported or uncorroborated testimony of the grantor is not sufficient to overcome the certificate of acknowledgment of the notary public to a conveyance regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledgment, or of other competent evidence; but such testimony may be sufficient if, in view of the circumstances and probability of the particular case, it produced a condition amounting to moral certainty that the certificate is false."

2. Same—Proof Required,

Sound public policy, the essential security of land titles and title holders, demand that the verity of solemn recitals in an officer's certificate. executed as required by law, shall not be overcome and set aside except upon clear, cogent. and convincing evidence.

3. Same—Insufficiency of Evidence.

Record examined, and evidence held to be insufficient to warrant the cancellation of the deeds involved.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Nettie Hayes Wright and Hayes Wright against the Pittsburg Coal & Mining Company, for possession of land and cancellation of conveyances. Judgment for plaintiffs, and defendant appeals. Reversed, with directions.

Allen Wright and McInnis & Moore, for plaintiff in error.

W. N. Redwine, for defendants in error.

HARRISON, J. This was an action for cancellation of a deed and to remove cloud on title to certain real estate covered by said deed and lying in Pittsburg county, Okla.

Plaintiff below, Nettie Hayes Wright, though recognizing the existence and due recordation of the deed in question in her petition, yet denied its execution, alleging that she had never signed same and denying the truth of the notary's certificate of acknowledgment, and praying for cancellation of such deed.

The decisive issue of fact tried below was whether the plaintiff, Nettie Hayes Wright, had in fact signed and acknowledged said deed, and the question of law presented here is whether the uncorroborated testimony of plaintiff, that she had not signed nor acknowledged such deed, is sufficient in law to overcome the plain recitals in the notary's certificate, and sufficient to warrant the cancellation of such deed.

The trial court decreed the cancellation of the deed in question, as well as several other deeds executed to subsequent grantees who held through the grantee under the alleged deed from said plaintiff.

The notary's certificate was regular and in due form, being as follows:

'State of Oklahoma, Pittsburg County. ss.

"Before me, H. E. Swan, a notary public in and for said county and state, on this sixth (6) day of October, 1908, personally appeared Nettie Franklin Wright, to me known to be the identical person who executed the within and foregoing instrument. and acknowledged to me that she executed the same as her free and voluntary act and deed for the uses and purposes ther in set forth.

"Witness my hand and official seal, the day and year above set forth.

"(Seal)　　　(Signed) H. E. Swan,
　　　　　　　"Notary Public.

"My commission expires Nov. 29, 1911."

It developed in the trial that plaintiff, not being able to write her name, signed by mark. In addition to the notary's certificate, the making of her mark was witnessed by two subscribing witnesses, one of whom was her stepfather, who testified that he was present at the time, heard the deed read over to plaintiff and explained by the notary, say her make her mark upon same heard her acknowledge the execution of same and saw the notary affix his seal thereunto. She testified that she did not make her mark and had never seen the deed nor heard it read, but admitted that she had made her mark to an instrument which she thought was a receipt for money. Her testimony was wholly unsupported and uncorroborated.

The established, and, in our opinion, sound doctrine of this court is that, under such a state of facts, the deed in question, and the deeds issued to subsequent grantees, who derived their title through plaintiff's deed, should not have been canceled. S e Dyal v. Norton, 47 Okla. 794, 150 Pac. 703; Garber v. Hauser. 76 Okla. 292, 185 Pac. 436; also Neff v. Edwards, 107 Okla. 101, 230 Pac. 234.

In Dyal v. Norton, supra, paragraph 2 of the syllabus is' as follows:

"An officer's certificate of the grantor's acknowledgment of a deed filed for record is a sufficient compliance with a requirement of attestation by witnesses to the grantor's signature by mark."

Paragraph 3 is as follows:

"The acknowledgment of a deed is prima facie evidence of its execution, and a deed properly acknowledged may be given in evidence without further proof, although its execution is denied under oath."

Paragraph 4 is as follows:

"The evidence to impeach a certificate of acknowledgment should be clear, cogent, and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false."

In Garber v. Hauser, supra, paragraph 2 of the syllabus is as follows:

"The general rule is that the unsupported or uncor.oborated testimony of the grantor is not sufficient to overcome the certificate of acknowledgment of the notary public to a conveyance regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledge, by other competent evidence; but such testimony may be sufficient if, in view of the circumstances and probability of the particular case, it produced a condition amounting to a moral certainty that the certificate is false."

In Neff v. Edwards, supra, paragraph 1 of the syllabus is as follows:

"Sound public policy, the stability of solemn judgments of courts, and the security of litigants demand that neither the officer's sworn return nor the recital of service in the judgment based thereon shall be set aside or contradicted, except upon the most clear, cogent, and convincing evidence."

Paragraph 2 is as follows:

"Under the rule announced above, the clear, solemn recitals of the judgment roll will not be set aside and held for naught upon the uncorroborated parol testimony of the party against whom such judgment was rendered."

In the light of the foregoing authorities, and the state of facts disclosed by the record, it is obvious that the trial court erred in decreeing the cancellation of the deeds involved.

The judgment is therefore reversed, with directions to set aside the decree of cancellation and render judgment in favor of defendant.

Reversed, with directions.

BRANSON, C. J., and MASON, PHELPS, HUNT, CLARK, RILEY, and HEFNER, JJ., concur. LESTER, J., not participating.

Note.—See under (1) 1 C. J. pp. 899, 900, §286; 1 R. C. L. p. 299: 1 R. C. L. Supp. 93. (2) 1 C J. pp. 896, 898, §284; 1 R. C. L. p. 297; I R. C. L. Supp. p. 93; 5 R. C. L. Supp. p. 20, 6 R. C. L. p. 14. (3) 1 C. J. p. 898, §284; 9 C. J. p. 1256, §195; 18 C. J. p. 449, §556.