## POSEY v. VAN TUYL.

No. 18603. Opinion Filed Dec. 18, 1928.

Rehearing Denied Jan. 22, 1929.

R. D. Howe, for plaintiff in error.

C. M. Oakes, for defendant in error.

HEFNER, J. Nancy Posey, as plaintiff, brought this action in ejectment and to quiet title to certain lands in Tu sa county, Okla., and asked for the cancellation of a warranty deed executed on the 19th day of July, 1921, by plaintiff to C. D. Posey, her son and the grantee in that deed, who is the grantor of the defendant. The theory on which it is sought to cancel the deed is that the same was executed under such circumstances as to make it a forgery.

In the year 1919. the plaintiff, who is a full-blood Creek Indian, sold 80 acres of land to A. M. Brixit for the sum of $24,000. She claims that in the year 1921, just a short while before she moved off of the land, her son, Darwin Posey, who was living with her at the time, told her there was some defect in the deed they had made to Mr. Brixit and

it was necessary to correct the defect, and took her to Bixby for the purpose of correcting the deed; that at Bixby she signed this deed, which was supposed to be the correction deed on the 80 acres of land that had oil wells on it, and then moved to Southern Oklahoma with her son thinking the land was leased. She further claims she never discovered the land was sold or she had deeded it to Darwin Posey, her son, until a month or two prior to the bringing of this suit. She deeded the land to Darwin Posey, and within a few months thereafter he deeded the land to Carrie B. Van Tuyl, the defendant in this action. The plaintiff contends the deed from her to her son is a forgery and was obtained by the deceit and fraudulent statements of him.

A jury was expressly waived and the case was tried to the court. After hearing all the evidence, the trial court found all issues in favor of the defendant.

The rule in relation to the weight of evidence in jury cases is applicable. In such an action this court will not weigh conflicting evidence to determine on which side the preponderance lies, but will uphold the judgment of the trial court if there is any competent evidence reasonably tending to support the same.

The deed in question was properly executed, witnessed and acknowledged, and both of the witnesses to it and the notary public were present in court and testified to the due execution and acknowledgment of the instrument.

In a long line of cases this court has held that a certificate of acknowledgment to a deed is prima facie evidence of its proper execution, and the same cannot be impeached except upon clear, cogent, and convincing testimony, such as produces a conviction amounting to a moral certainty that the certificate is false; and that the unsupported or uncorroborated testimony of the plaintiff, as the grantor in such instrument, is not sufficient to overcome the certificate of acknowledgment.

In the case of Pittsburg Coal & Mining Co. v. Wright, 122 Okla. 210, 253 Pac. 487, this court, speaking through Mr. Justice Harrison, said:

"It developed in the trial that plaintiff, not being able to write her name, signed by mark. In addition to the notary's certificate, the making of her mark was witnessed by two subscribing witnesses, one of whom was her stepfather, who testified that he was present at the time, heard the deed read over to plaintiff and explained by the notary, saw her make her mark upon same, heard her acknowledge the execution of same and saw the notary affix his seal thereunto. She testified that she did not make her mark and had never seen the deed nor heard it read, but admitted that she had made her mark to an instrument which she thought was a receipt for money. Her testimony was wholly unsupported and uncorroborated.

"The established, and, in our opinion, sound doctrine of this court is that, under such a state of facts, the deed in question, and the deeds issued to subsequent grantees, who derived their title through plaintiff's deed, should not have been canceled."

The above case also announces the rule that the undisputed or uncorroborated testimony of the grantor is not sufficient to overcome the certificate of acknowledgment of the notary public to a conveyance regular on its face, especially where the certificate is supported by the testimony of the officer who took the acknowledgment, or of other competent evidence. The rule also was announced that sound public policy, the essential security of land titles and title holders, demand that the verity of solemn recitals in an officer's certificate, executed as required by law, shall not be overcome and set aside except upon clear, cogent, and convincing evidence.

Under this doctrine, which is applicable to the case at bar, it appears that even if there had been no testimony offered by the defendant, the plaintiff could not have recovered, because her testimony did not bring her within the rule announced in the Wright Case, supra.

The plaintiff in error confines her argument entirely to the point that the evidence is insufficient to support the judgment of the court in favor of the defendant.

J. B. Mitchell, whose name appeared as a witness on the deed, testified that he remembered the execution of the deed, knew Mrs. Posey, and saw her put her mark on the deed. Hazel Johnson, the notary public who took the acknowledgment, stated she was the officer who took the acknowledgment, and that Mrs. Posey appeared before her at the time of the taking of the same. She testified that the deed was explained to Mrs. Posey at the time.

Darwin Posey, the son of the plaintiff, testified at length: went into the details of the entire transaction; said he explained everything to his mother, and that he was positive she knew all about the deed and the effect it would have in conveying the property. He testified she discussed it several times with him, because it was some little time after she first mentioned the subject to him

before the deed was made. He further testified he discussed with her the matter of the mortgage and what he was going to do with the money; and she understood the difference between a deed and a mortgage.

After a careful study of the evidence, we think it abundantly supports the judgment of the trial court, and its judgment is accordingly affirmed.

BRANSON, C. J., MASON, V. C. J.. and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) anno. 6 L. R. A. (N. S.) 442; 41 L. R. A. (N. S.) 1176; 1 R. C. L. p. 297; 1 R. C. L. Supp. p. 93; 5 R. C. L. Supp. p. 20; 6 R. C. L. Supp. p. 14. (2) 2 R. C. L. p. 206; 1 R. C. L. Supp. p. 444; 4 R. C. L. Supp. p. 92; 5 R. C. L. Supp. p. 81; 6 R. C. L. Supp. p. 76. See "Acknowledgments," 1 C. J. §286, p. 896, n. 63; p. 899, n. 74. "Appeal and Error," 4 C. J. §2853, n. 83.