## OWENS et al. v. HILL.

No. 29309.   Sept. 16, 1941.

Rehearing Denied March 3, 1942.

*122 P. 2d 801.*

Blanton, Curtis & Blanton, of Pauls Valley, for plaintiffs in error.

Moody & Henderson and R. B. Garvin, all of Pauls Valley, for defendant in error.

HURST, J. This action involves title to an undivided three thirty-fifths interest in the allotment of Thomas J. Hill in Garvin county. The material facts are these: The allottee died intestate leaving five brothers and sisters of the whole blood and a brother and a sister of the half blood. W. R. Hill was a brother of the whole blood. His wife was Lucile Hill. Plaintiff Bess Lucile Hill is their only child. On May 10, 1913, J. E. Hill, a brother of the whole blood, conveyed his interest to W. R. Hill; on September 1, 1913, W. R. Hill conveyed all his interest to Lucile Hill; and on September 10, 1913, Uda Polk, a sister of the whole blood, conveyed her interest to Lucile Hill. On October 4, 1913, the district court of Garvin county entered a decree in partition finding that the five brothers and sisters of the whole blood and the two of the half blood inherited equally the allotment. On November 6, 1913, Lucile Hill and W. R. Hill conveyed a three-sevenths interest in the allotment to J. E. Hill, one of the five brothers and sisters of the whole blood. An appeal was taken from the said judgment of October 4, 1913, and in 1916 this court, in Hill v. Hill, 58 Okla. 707, 160 P. 1116, modified the judgment and held that the five brothers and sisters of the whole blood inherited the allotment to the exclusion of the brother and sister of the half blood. This left title to six thirty-fifths of the allotment vested in

Lucile Hill, since there was conveyed to her three-fifths of the allotment and she conveyed three-sevenths. Lucile Hill died intestate in 1914, leaving her husband, W. R. Hill, and the plaintiff, her only child, as sole heirs, and they each inherited three thirty-fifths interest. Plaintiff filed this action to establish her three thirty-fifths interest (13-5/7 acres) in the land and for possession. It is not disputed that the defendants own all the interest in the land save that owned by plaintiff, if any. The trial court held for plaintiff, and the defendants appeal.

Defendants make two contentions, which will be disposed of in the order presented.

1. Defendants first contend that the findings of the trial court that a deed bearing date of September 12, 1914, purporting to have been executed by Lucile Hill and W. R. Hill, conveying the land to J. E. Hill, was not signed by Lucile Hill was clearly against the weight of the evidence. They cite numerous decisions of this court, such as Dyal v. Norton, 47 Okla. 794, 150 P. 703, and Probert v. Caswell, 90 Okla. 67, 215 P. 733, which announce the general rule that in order to impeach the certificate of acknowledgment to a deed, the evidence must be clear, cogent, and convincing, and such as produces a conviction amounting to a moral certainty that the certificate is false.

The uncontroverted testimony of plaintiff's grandmother was that Lucile Hill, mother of plaintiff, was afflicted with tuberculosis, and that for several months prior to her death she had been confined in a sanitarium at El Paso, Tex., where she died September 19, 1914. The grandmother testified that she went to El Paso about the middle of August, 1914, and remained there in attendance upon her daughter until the death of the latter, and that her daughter was not in Garvin county on September 12, 1914; that her daughter was at all times from the middle of August to the date of her death confined in the El Paso sanitarium; that the witness

brought the body of her daughter to Pauls Valley, and buried her there the first of the following week. While defendants argue that the memory of the witness might have easily caused her to err as to the date of her daughter's death, no effort was made to show by any witness, or by any record, that the death and burial of plaintiff's mother did not occur at the times designated by this witness, or that plaintiff's mother was in Oklahoma on September 12, 1914. The plaintiff testified that she was not quite four years old when her mother died, and that she remembered the occurrence; that they would not let her see her mother that morning, and that her grandmother was in El Paso at the time.

The notary public whose name was signed to the certificate testified that he left Garvin county early in the year 1914, and did not return until 1918; that during that time he left his seal in an unlocked desk in the abstract office where he had been employed, and that he did not return to Garvin county during that time, and did not take any acknowledgments in said county during that period. His testimony is likewise uncontradicted and unimpeached.

The original deed was not produced. Defendant Long testified that he saw the deed but did not examine it and that he paid no attention to the signatures. He admitted that he knew plaintiff's mother was sick in El Paso, and was down there for some time before she died, and that W. R. Hill was at home while she was down there. W. R. Hill was not available as a witness.

We think the evidence amply sustains the finding of the trial court. The presumption of the verity and conclusiveness of a certificate of acknowledgment will not prevail over physical facts established by undisputed evidence, which are directly contrary to, and which rebut, the truth of its recitals. Caldwell v. City of Ottumwa, 198 Iowa, 666, 200 N. W. 336. Especially is this true when the notary's testimony that he was not in the county when the acknowledgment was taken is also uncontroverted.

Defendants argue that this evidence only tended to prove an alibi, and cite Kentucky West Virginia Gas Co. v. Maynard, 242 Ky. 490, 46 S. W. 788, and Rabassa v. Raab, 95 N. J. Eq. 255, 122 Atl. 309, as authorities supporting the assertion that proof of an alibi is not sufficient to impeach the certificate. The variance between the evidence in these cases and that in the present case is so great that we do not consider them persuasive.

The rule in this state is that the testimony of the grantor may in some cases, when supported by the circumstances and probabilities of the particular case, be sufficient to overthrow the certificate. Garber v. Hauser, 76 Okla. 292, 185 P. 436; Hine v. Simon, 95 Okla. 86, 218 P. 1072; Pittsburg Coal & Mining Co. v. Wright, 122 Okla. 210, 253 P. 487; Equitable Farm Mortgage Co. v. Leeper, 166 Okla. 231, 26 P. 2d 931; Mathers v. Quinn, 184 Okla. 364, 87 P. 2d 331. Here the testimony of the grandmother and of the notary established that the deed could not have been executed and acknowledged at the time and place designated in the certificate, and there is no evidence from which a reasonable inference may be drawn that it was signed and acknowledged at any other time or place.

2. The second contention of defendants is that plaintiff's mother held the interest in controversy as trustee for her husband, W. R. Hill. They base this contention upon the facts that the evidence shows that W. R. Hill at all times dealt with the interest in the Thomas J. Hill allotment, which was in his wife's name, in the same way that he did with property owned by him; that he was heavily indebted, and was placing his property in the names of other persons to place it beyond reach of his creditors; and that by a contract with defendant Long, made by W. R. Hill in the name of J. E. Hill instead of his own, he agreed to sell the interest vested in his wife for $75 per acre, and actually did sell the three-sevenths interest to Long. They argue that from this conduct it necessarily follows that he put this property in his wife's name to defraud his creditors, and not to make her a gift thereof.

It is true that J. E. Hill testified that he and W. R. Hill made conveyances to and from each other without consideration whenever it seemed desirable, and that he conveyed his interest in the Thomas J. Hill allotment to W. R. Hill without consideration, to help W. R. Hill out of financial troubles. He also testified that the contract with Long was made in his name to protect W. R. Hill, and that the deal with Long was made by W. R. Hill. But there is nothing in the record to show what arrangement, if any, existed between Lucile Hill and W. R. Hill as to the interest in the Thomas J. Hill allotment held by her, or whether W. R. Hill acted for himself or as her agent in dealing therewith. The evidence does not disclose whether or not Lucile Hill was possessed of any separate property or money of her own. It is not shown whether she paid the consideration for the deed from Uda Polk, or whether it was paid by W. R. Hill. There is no affirmative showing that she paid nothing to W. R. Hill for the deed whereby he conveyed to her his own interest and the interest of J. E. Hill, which J. E. Hill had theretofore placed in W. R. Hill's name, or that she did not receive the consideration defendant Long paid W. R. Hill for the three-sevenths interest which they conveyed to J. E. Hill in order that he could convey it to Long. The deeds to her made no reference to a trust, but were outright conveyances to her. Whether she paid anything therefor is not shown. Although defendants contend that the deeds to plaintiff's mother were intended to convey only three-sevenths of the allotment, they purported to convey all the right, title, and interest of the grantors.

A warranty deed, regular on its face, conveys "the whole interest of the grantor in the premises described." Section 9681, O. S. 1931, 16 O. S. A. § 19. "Every estate in land which shall be granted, conveyed or demised by deed or will, shall be deemed an estate in

fee simple and of inheritance, unless limited by express words." Section 9698, O. S. 1931, 16 O. S. A. § 29.

The trust which defendants seek to impress upon the title of plaintiff's mother is a resulting trust. Flesner v. Cooper, 39 Okla. 133, 134 P. 379; Crane v. Owens, 180 Okla. 452, 69 P. 2d 654. And such a trust may be established by parol evidence, but in such case the burden is upon the party asserting it to establish it by clear, satisfactory, and convincing proof. Maynard v. Taylor, 185 Okla. 268, 91 P. 2d 649; Winter v. Klein, 186 Okla. 74, 96 P. 2d 83. In Maynard v. Taylor, supra, we said that "the facts that the grantor continues to exercise acts of ownership and authority over the premises, such as the collection of rents and profits, and that he also sells a portion thereof and proposes to sell the remainder are inconsistent with the theory of intentional delivery, operative and effectual to pass title." But in the present case the only authority which W. R. Hill attempted to exercise over the property was by contracting to sell it to defendant Long. Whether plaintiff's mother was aware of his action, or whether it was done with her consent, is not shown. If the property was bought with her husband's funds, the conveyance to her, in the absence of evidence to the contrary, would be presumed to be a gift and not a conveyance in trust. Mendenhall v. Walters, 53 Okla. 598, 157 P. 732.

We think the defendants failed to prove by clear and convincing evidence that the conveyance from W. R. Hill to his wife was to her as trustee, and solely for the purpose of placing the property beyond the reach of his creditors. Therefore, the judgment of the trial court that she did not hold it in trust for him is not clearly against the weight of the evidence.

Affirmed.

WELCH, C. J., and BAYLESS, GIBSON, and ARNOLD, JJ., concur.