GUY et al. v. GUY et al.

No. 34167.   June 26, 1951.

*233 P. 2d 266.*

E. G. Avery, Wagoner, and Hall & Cotton, Oklahoma City, for plaintiffs in error.

J. C. Pinson, Coweta, and Fred W. Martin, Wagoner, for defendants in error.

PER CURIAM. In this case it appears that on the 23rd day of January, 1929, Frances Guy brought an action against her husband, Allen Earl Guy, an incompetent, and his guardian for a divorce, alimony and custody of two minor children, daughters of the parties, and for an allowance for their support.

On June 1, 1929, the court entered a decree granting plaintiff a divorce, awarding her alimony and custody of the minor children and setting apart 40 acres of land belonging to defendant in trust for the use, benefit and support of the minor children until the youngest attained her legal majority, which, under stipulation of the parties, occurred on the 22nd day of August, 1944. Plaintiff was designated as trustee of the trust. The decree further provided:

"It Is Further Ordered and Decreed by this Court that in the event the rents, revenues and profits emanating from said land prove insufficient for the support, maintenance and education of said minor children, or either of them, then and in that event the said Frances Guy, trustee, is hereby authorized and empowered to mortgage, sell and convey said land, or any part thereof, when, in her judgment, such rent, revenues or profits are deemed insufficient to so support, maintain and educate said minor children; and in the event the revenues derived from such land is sufficient for the support, maintenance and education of said minor children to and until such time as they reach their majority, then and in that event the title and right of possession to said land reverts to the defendant herein, Allen Earl Guy, or his legal representative."

No question is raised as to the validity of that decree. The parties treated it as wholly valid and acted pursuant thereto.

On October 8, 1947, defendant through his guardian filed in the divorce action an application for a writ of possession in which he pleaded the terms of the decree and specifically the trust provisions thereof and alleged that he is the owner of the 40 acres of land referred to in the decree; that plaintiff as trustee did not sell or mortgage the land as authorized by the decree; that when the younger of the minor children attained her legal majority the trust had terminated and plaintiff's right of possession then ceased and he thereupon became entitled to the possession of the land; that in the meantime plaintiff married Raymond Clark; that she and her husband continued in possession of the land and have continued to use the land, collect the income therefrom, have failed to pay the taxes, and have permitted the improvements to depreciate beyond repair and have refused on frequent demands to surrender the possession of the land to defendant, and continue to hold and use the land without color of right or title and he prays that a writ of posses-

sion issue placing him in possession of the land.

On October 18, 1947, plaintiff and her husband, Raymond Clark, filed a joint answer and response to defendant's application or motion challenging the jurisdiction of the court and denying defendant's ownership of the land. Thereafter, on December 18, 1948, Raymond. Clark filed his separate response and cross-petition to movant's motion wherein he challenges the jurisdiction of the court over the person of this respondent and the subject-matter of the action and specifically denies that movant is entitled to possession of the land. In his cross-petition he pleads and sets out the terms and provisions of the divorce decree, and, in substance, alleges: Some time in April, 1930, immediately prior to his marriage he entered into an oral agreement with Frances Guy, trustee, that after the marriage they would move upon the land; that he was then to tend and farm the land and attempt to make it produce sufficient income to support the minor children. In the event it could not be made to produce an amount sufficient for that purpose he would contribute a sufficient amount from his own funds; and in the event the trustee, Mrs. Guy, sold or mortgaged the land as authorized by the decree, she was to reimburse him for the amount expended out of the proceeds thereof; that in the event the land was neither mortgaged nor sold during the term of the trust, he would continue to contribute from his own funds sufficient amount for the support and maintenance of the minors until they reached their legal majority, and Mrs. Guy, as trustee, was then to execute and deliver to him a deed to the land; that he did support the minor children during their minority from his own funds and thereby paid the consideration he had agreed to pay for the land, and that he fully complied on his part with the conditions and terms of the oral contract and he is therefore entitled to have the land conveyed to him by

proper, legal and sufficient conveyance. He prays the court to decree specific performance of the contract and that Frances Guy Clark be ordered to convey the property to him by good and sufficient legal conveyance.

The case was tried to the court on the issues raised by the motion and separate answer and cross-petition of Raymond Clark. As before stated, the joint answer and cross-petition filed by Mr. and Mrs. Clark was abandoned and was not referred to or mentioned at the trial, nor referred to, discussed or relied upon on appeal by counsel in their brief.

The trial court found the issues in favor of movant and against cross-petitioner, sustained the motion and issued the writ placing movant in possession of the land.

Cross-petitioner, Raymond Clark, joined by his wife, Mrs. Clark, have appealed and rely for reversal, first, upon the ground that the trial court had no jurisdiction over the person of this respondent and the subject-matter of the proceeding, and erred in overruling his challenge to the jurisdiction. This assignment is obviously without merit and requires no further discussion.

Appellants further contend that the judgment of the trial court is not supported by the evidence and is contrary to law. This assignment requires a review of the evidence.

It was stipulated that the older of the minor chlidren was born September 18, 1924, and the younger August 22, 1926; that both were girls and have reached their legal majority and the property in controversy, or the possession thereof, has not been returned to movant. Movant introduced the divorce decree in evidence and rested.

Raymond Clark and his wife Mrs. Clark both, in substance, testified they were married in the month of April, 1930; immediately prior to their mar-

riage they discussed the problem of the support of the minor children of Mr. and Mrs. Guy. Mrs. Guy informed him that she was awarded a tract of land to be used for the support and education of the minor children. It was then agreed that after the marriage they would move upon the land and if it did not produce sufficient income for the support of the minor children it was agreed that Mr. Clark would contribute a sufficient amount from his own private funds for that purpose, and in the event Mrs. Guy as trustee either sold or mortgaged the property as authorized by the trust provisions of the decree, she would reimburse him for the amount expended; but in the event the property could not be sold or mortgaged, then it was agreed that Mr. Clark would continue to support the minor children until the younger child attained her majority and that Mrs. Guy as trustee would then deed him the land; that the land did not produce sufficient income to support the children; that it could neither be mortgaged nor sold because of the condition of the title. Mr. Clark testified that the amount he expended for the support of the minor children he imagined would be about $50 per month; that he performed all the terms and conditions of the contract and paid in full the consideration he agreed to pay for the land and was then entitled to the deed. He does not, however, testify that he ever demanded a deed from Mrs. Guy as trustee nor does he so plead in his cross-petition. Mr. Clark further testified when he had time to spare from his farm work he worked for others doing odd jobs in order to earn money to support the children. He does not, however, testify how frequently he was so employed or the wages he received while employed.

Mrs. Clark on cross-examination testified she did not think an absolute sale of land had ever been made. She knew that she would eventually be required to yield possession of the land to Mr. Guy, defendant in the divorce action; that after the children reached their majority she and her husband did not keep up the improvements on the land as she would have if the land had been owned by her; and in answer to a question propounded by counsel on cross-examination, she stated:

"Q. I suppose that was as much your husband's idea as it was yours, not to waste money keeping up someone else's property? A. Yes, sir."

This, in substance, constitutes the evidence offered in the case. It does not appear to us at all convincing that the trustee while in possession of the land made a good faith sale thereof to her present husband, Mr. Clark. Moreover, it is apparent that in October, 1947, when Mr. and Mrs. Clark filed their joint response and answer to movant's motion, it did not occur to either of them that Mr. Clark was then the owner of the land and that he had purchased it from Mrs. Guy, now Mrs. Clark, while she was still in possession thereof as trustee under the trust provisions of the divorce decree. In that response both respondents, in effect, concede that Mr. Guy, movant herein, is still the owner of the land. In that pleading they allege they jointly expended for the support of the minor children about $50 per month, and that movant herein, father of the children, is liable to them for the amount so expended and ask an accounting in order to determine the income received by them from the land and the amount expended by them for the support of the minor children, and that judgment be rendered against movant for recovery of the amount found to be due and that the court decree a lien against the land in question to secure the payment thereof. The claim made by respondents in that pleading is inconsistent with the claim now made that Mrs. Guy, now Mrs. Clark, as trustee under the divorce decree, sometime in 1930 sold the land to Mr. Clark, her present husband. However, one year thereafter, on December 19, 1948, the day on which Mr. Clark filed his separate answer

and cross-petition to movant's motion, it appears he remembered for the first time that about 18 years before, and sometime in the month of April, 1930, he purchased the land from Mrs. Guy who was then in possession thereof as trustee under the terms of the provisions of the divorce decree.

While there. is no direct testimony contradicting the statements of respondents relative. to the alleged purchase and sale of the land, when the statement of these witnesses are considered in connection with the other evidence, and the circumstances and pleadings in the case, there is disclosed such an inherent weakness and improbability of the facts to which they have testified as to render their testimony unworthy of credit. Carlisle v. State ex rel. Harris, 178 Okla. 231, 62 P. 2d 617.

The trial court evidently refused to credit their testimony as it found the issues generally in favor of movant and against respondents.

When the younger child attained her majority, the trust mentioned in the divorce decree terminated and the right to the possession of the land by Mrs. Guy as trustee then ceased and since she had made no bona fide sale of the land as authorized by the trust provisions of the divorce decree during the tenure of the trust, movant, defendant in the divorce action and the owner of the land, became entitled to the possession thereof.

The trial court so held and rendered judgment in favor of movant awarding him possession of the land. We cannot say that the judgment rendered is clearly against the weight of the evidence.

Affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.