McKENNA v. LASSWELL.

No. 34371.    Nov. 12, 1952.

*250 P. 2d 208.*

E. F. Maley, Okmulgee, for plaintiff in error.

Steel & Boatman, Okmulgee, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff below, L. H. Mc-Kenna, filed a petition to quiet title in himself to certain lots, to wit, lots 1 to 15, inclusive, in block 4, Illinois addition to the town of Morris, Oklahoma, against S. R. Lasswell, Juanita Kirk, county treasurer of Okmulgee county, Oklahoma, and board of county commissioners of Okmulgee county, Oklahoma.

The defendant, Lasswell, filed a cross-petition alleging in substance that he was the equitable owner of lots 1 to 15, inclusive, in block 4, and lots 32, 33 and 34 in block 14 of said addition to said town and that the legal title in McKenna was held as trustee only and praying that his title be quieted against McKenna.

Thereafter plaintiff McKenna filed an amendment to his petition alleging ownership of lots 1 to 11, inclusive, in block 4, and asked that a restraining order be issued. Issue was joined and a restraining order issued by the trial court.

The case was tried to the court and upon conclusion thereof the court rendered judgment in favor of the defendant, Lasswell, on his cross-petition, declaring that any title or interest held by plaintiff, McKenna, was held as resulting trustee of defendant, Lasswell, and quieting the title of defendant, Lasswell, as prayed for in his cross-petition. No issues were presented against the county treasurer and the board of county commissioners in the trial court, and the only parties to the appeal are McKenna and Lasswell.

Plaintiff produced several resale tax deeds upon which he based his title to the lots, and also other deeds subsequent to the tax deeds from the former record owners, to him as grantee. Plaintiff's testimony in support of his title was in substance this: The deeds are in his name. The defendant appeared at the tax resale and bid in the lots in the name of the plaintiff, and plaintiff admits that the money used to purchase said lots belonged to defendant, but insists that plaintiff had loaned it to him. In other words, plain-

tiff contends that the defendant took the money that plaintiff had loaned to him and purchased these lots in the plaintiff's name, and that by reason thereof the property belongs to plaintiff.

While there is considerable conflict in the testimony, there is ample evidence in the record to sustain every essential finding required to support the trial court's judgment and decree.

There is no real conflict on one vital fact question which is decisive of this case: Who paid the consideration for the purchase of the property at the tax resale? It is uncontradicted that the defendant, Lasswell, attended the tax resale and paid the consideration for the purchase of the lots in question which, on that occasion, he bid in and purchased in plaintiff's name.

While plaintiff testified that he had requested said defendant "to buy me some lots at this sale," he did not testify that said defendant represented him in that particular purchase or that the consideration paid therefor was paid either by or for him. On the contrary, plaintiff testified that said defendant "paid the bill". There is no evidence that said purchase money belonged to plaintiff or that he furnished it to said defendant for use in purchasing said property for plaintiff.

Whether or not the money paid as such consideration had been borrowed by said defendant from plaintiff is beside the point as there is no evidence that said defendant acted as plaintiff's agent in making said purchase, or that it was intended or agreed by either of the parties that the purchase of the property and the taking of title thereto in plaintiff's name was to be in satisfaction of any such debt or obligation, or any part thereof.

There is little doubt that but for the issue of "money loaned" in this case the facts would squarely fall within Title 60, O.S.A. 1941 §137:

·"When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made."

This section is a specific exemption from the broader section 136 immediately preceding it.

Does the fact that the grantee in the deed (plaintiff herein) loaned the purchase money to the party who seeks the enforcement of the trust preclude the enforcement of resulting trust in favor of the borrower (defendant herein)? We think not.

See Bogert, Trusts and Trustees, vol. 2, §455. Where the money is loaned by the party who takes legal title in his own name, the party who owes the money actually pays for the property and is entitled to enforce the trust, although the money to purchase the property was furnished by way of a loan by the grantee who takes legal title. The grantee from that time on becomes a creditor and has an action on the debt, but is not entitled to hold the property absolutely in derogation of the rights of the borrower. (Citing many cases.)

It is the action of the parties with respect to the payment of the consideration at the time of delivery of the deed or other instrument conveying title, which amounts to the expression of trust intent, and takes the place of any specific oral or written agreement. When the consideration is paid by one party, though it being with money loaned to him by the grantee, there is a presumption that a resulting- trust was intended when the parties are not close blood relatives, because it is in accordance with the common experience of mankind that a party does not intend a gift in such a transaction.

The conduct of the parties with relation to the possession of the property, payment of taxes, or obtaining deeds from the former owners subsequent to the date of the original transaction

(wherein McKenna was made grantee in the tax resale deeds) does not affect the establishment of a resulting trust in favor of the defendant, Lasswell, because the resulting trust came into being at the time the money was paid and the deed was delivered. Subsequent conversations and actions of the parties in relation to the property are important only to corroborate or contradict the presumption of a trust which arose out of the tax resale conveyance. It might be well at this point to note that Taylor LeSeuer, tenant of a portion of the property in question, and a witness in trial court, testified that he rented the property from the defendant, Lasswell, and an examination of the tax receipts shows that for the most part the ad valorem taxes were paid by the defendant, Lasswell.

Since the question of the application of the statute of frauds to this case was raised in the briefs of both parties hereto, this question will be considered in passing.

When the original statute of frauds was enacted in England dealing with oral contracts for conveyance of land, there was excepted therefrom trusts which come into being by operation of law. Though there is some academic discussion as to whether or not a resulting trust is based on operation of law, or intent of the parties, it was early held that the statute of frauds was not meant to preclude the chancery courts from enforcing resulting trusts, though oral. In view of the Oklahoma statutes on resulting trusts, supra, an extended discussion of the question would seem unwarranted.

It is true that the burden is on the party seeking to enforce a resulting trust of realty to prove it by clear, convincing and decisive evidence. Fibikowski v. Fibikowski, 190 Okla. 152, 121 P. 2d 304; Owens v. Hill, 190 Okla. 239, 122 P. 2d 801. We believe that the defendant, Lasswell, has sustained that burden. As hereinabove stated, there is ample evidence to sustain every essential finding required to support the trial court's judgment and decree. After examining the record and weighing the evidence it does not appear that the said judgment and the findings supporting it are against the weight of the evidence. Accordingly, we will not disturb them on appeal. Guy v. Guy, 204 Okla. 642, 233 P. 2d 266.

The judgment of the trial court is affirmed.

We note in the case-made that a restraining order was issued against the defendant, Lasswell, pending trial, and since the journal entry of judgment does not indicate whether the same was ever dissolved, for the purpose of the record, the same is hereby dissolved and nullified.

This court acknowledges the services of Attorneys C. Lawrence Elder, Bob Hudson, and Hawley Kerr, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.