**EXCHANGE TRUST CO. v. PALMER et al.**

No. 21513. Opinion Filed April 4, 1933.

the confirmation of the sale alleging, in substance, that they had filed a suit asking for the cancellation of the foreclosure proceedings in cause No. 9774; that the judgment of foreclosure was void, that the defendant Palmer was never at any time the owner of said land, and that the mortgage attempted to be foreclosed was void.

The above named heirs and E. W. Kemp, for convenience, will be hereinafter referred to as claimants, and the Exchange Trust Company will be referred to as plaintiff.

After said motion had been filed, the plaintiff filed its motion to confirm the sale, and thereafter the claimants filed a motion designated "Motion to Vacate," alleging, in substance, that they were the owners of said lands; that Newton A. McClure had secured a judgment in the district court of Pontotoc county in cause No. 9949 against Palmer, decreeing McClure to be the owner of said land and quieting title in him against Palmer; that said judgment was final, and that after said judgment was rendered, McClure deeded to Kemp one-half interest in said land; that the above-named claimants, except Kemp, are the heirs of Newton A. McClure; that the sale constituted a cloud on their title; that a separate suit was now pending wherein the claimants seek to vacate the judgment of foreclosure; and asking that the title be quieted in them. Attached to said motion is a copy of journal entry of judgment in cause No. 9949, wherein Newton McClure was plaintiff and John T. C. Palmer was defendant, which judgment, in effect, held that the deed from McClure to Palmer was void, and quieted title in McClure. By this motion claimants sought to vacate the judgment, the order of sale, and the sale. Later the claimants filed another motion in said cause, which motion had attached thereto a copy of the petition filed in the district court of Pontotoc county, styled Hattie McClure et al. v. Exchange Trust Co. et al., case No. 10368, which petition, in substance, asked that the mortgage held by the plaintiff be canceled and that the proceedings in cause No. 9774 be vacated. In this motion claimants again object to the confirmation of the sale, and ask that the confirmation be held in abeyance until a final decision could be had in case No. 10368, or that the causes be consolidated and the rights of the respective parties be determined.

Thereafter the court made an order in cause No. 9774, the pertinent parts of which are herein set out:

McKeown & Green, Chas. E. Bush, and W. D. Calkins, for plaintiff in error.

D. D. Brunson, E. W. Kemp, and Opal M. Kemp, for defendants in error.

BAYLESS, J. The Exchange Trust Company, a corporation, instituted cause No. 9774 in the district court of Pontotoc county, Okla., seeking to foreclose a mortgage executed by John T. C. Palmer and wife to the said Exchange Trust Company. The land involved in said suit, except about 20 acres, was allotted to Newton A. McClure, a Chickasaw Indian, and Palmer's title was based on a deed from McClure to Palmer. After judgment had been rendered in said cause and the property had been regularly sold pursuant to the decree of foreclosure, Hattie McClure, Robert McClure, and Buster McClure, by Mary A. McClure, as next friend, and E. W. Kemp, filed objections to

"It is, therefore, ordered, adjudged, and decreed by the court that the confirmation of the sheriff's sale in the above cause be and it is hereby denied to plaintiff.

"It is further ordered, adjudged and decreed by the court that the question of the confirmation of the sheriff's sale, and the above-entitled cause, be and the same is hereby consolidated with cause No. 10368, Hattie McClure et al., Plaintiff, v. Exchange Trust Company, Defendant, and both questions tried together to all of which the plaintiff excepts. * * *"

From the language of the order it will be noted that the same is ambiguous, yet, in our opinion, the order must be treated as an order refusing to confirm sale.

The record nowhere discloses that the trial court ever ruled on the motion to vacate the judgment or the motion to set aside the sale. In considering the questions that are proper to be raised on an objection to the confirmation of sale, this court, in the case of Kline v. Evans, 103 Okla. 44, 229 P. 427, held:

"Questions entering into or relating to the judgment are not matters for consideration in a hearing on confirmation of sale of real estate. It is only those questions relating or pertaining to the proceedings in a sale that are proper for consideration."

This same rule has been reiterated in the cases of Severson v. Bemore, 137 Okla. 50, 278 P. 327, and Millard v. Nelson, 139 Okla. 56, 281 P. 238. None of the objections to the confirmation of the sale above specified attack the regularity of the face of the order of sale and the proceedings had thereunder. All of these grounds relate or pertain to the question of title to the land and the validity of the judgment under which the order of sale was issued. Under the rule above announced, and upon the record presented to us, the trial court erred in considering them, as grounds of objection and in sustaining the objections and refusing to confirm the sheriff's sale.

We next consider the plaintiff's complaint with reference to the consolidation of the two actions. Our Code permits the consolidation of actions as is shown by sections 257 and 258, O. S. 1931. These sections do not detail the conditions under which consolidations may be ordered, and, in our opinion, are only intended to confer upon our courts by statute the rights accorded to courts of law and equity under the common law to consolidate action.

The case of Dorsey v. Bentzinger (Iowa) 221 N. W. 830, was a case very similar to the one under consideration, wherein the claimant of the property sold at sheriff's sale objected to the confirmation and moved to set aside the sale and moved to consolidate those matters with an independent action which he had filed to quiet title. The trial court overruled his motions and refused a consolidation. The Supreme Court of Iowa, on appeal, held that his objections to the confirmation of sale were without merit, and therein said:

"A motion was made to consolidate this matter with a pending action brought to quiet title, on the ground that there was an identity of parties and issues and for the purpose of avoiding a multiplicity of suits under sections 10960 and 11226, Code 1927. This motion was overruled, and properly so, because there was nothing in the proceedings to consolidate, in view of the fact we are holding that Swan could not obtain any relief whatever on the original motion filed by him to set aside the sheriff's sale."

We believe that wide discretion should be allowed a trial court in the consolidation of actions, but believe that consolidation is improper where the issues are unduly complicated thereby. The purpose of consolidation should be to simplify the work of the trial court as far as possible. A consolidation of case 9774, in the status it now is, with case No. 10368, will unduly increase the work of the court in No. 10368. We believe it is the better practice under the circumstances of this case to permit the plaintiff to complete its proceedings in No. 9774, and to permit the parties to proceed in cause No. 10368.

Both parties cite many authorities and apparently proceed upon the theory that any action in No. 9774 will be considered as res adjudicata of the issues involved in No. 10368. We do not think that the filing of the motions by the claimants constituted them parties to the extent that the action would be res adjudicata to them, for the reasons as we have heretofore pointed out, and inasmuch as the only order appealed from was the order refusing to confirm the sale and the order consolidating the two causes of action.

The Supreme Court of Kansas, in considering a similar question in the case of Treptow v. Buse, 10 Kan. 170, held:

"If the showing indicated the existence of a substantial question as to the ownership between the debtor and a third person, * * * the motion ought to be overruled. A decision either way would not affect the ulti-

mate right of the parties, nor be a bar to an action to determine which was the owner."

This rule has been announced by this court in the case of Sparks v. City Nat. Bank of Lawton, 21 Okla. 827, 97 P. 575. In that case the wife of the debtor was not a party to the action, but filed a motion to dissolve the attachment, which was overruled. She claimed to own the property and after the sale moved to vacate the sale, and appealed from an order of the trial court refusing to vacate the sale. This court held that the filing of such motions did not make her a party to the suit, and with reference to the question of res adjudicata said:

" * * * It is impossible to say that the question of the ownership of the attached property is res adjudicata, and for that reason, and as the decision of the motion presented will not affect the ultimate rights of this movant in a regular suit involving the same issues, as, for instance, one to quiet her title, or a suit in ejectment against the purchaser, we see no cause to interfere, and reverse the order of the court below overruling her motion to set aside the sale. * * *"

For the reasons above stated, we will adopt the procedure followed by the Supreme Court of Kansas in the case of Challiss v. Wise, 2 Kan. 193, and will reverse the judgment of the trial court, and remand the cause to the district court of Pontotoc county, Okla., instructing it to confirm the sale and permit the plaintiff to complete its foreclosure proceeding in cause No. 9774, and direct the district court of Pontotoc county to proceed in cause No. 10368 and determine the respective rights of the parties in said cause.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., concur. OSBORN, J., dissents. BUSBY, J., disqualified and not participating.