**METROPOLITAN CASUALTY INS. CO. OF N. Y. v. PRODUCERS NAT. BANK OF TULSA et al.**

No. 21778. Feb. 6, 1934.

Rehearing Denied March 6, 1934.

Burford, Miley, Hoffman & Burford, for plaintiff in error.

Allen, Underwood & Canterbury, and G. C. Spillers, for defendants in error.

OSBORN, J. This is an appeal by Han-

son & Pearce, Inc., and the Metropolitan Casualty Company from a judgment of the district court of Payne county in two cases consolidated in the district court wherein the Producers National Bank, Tulsa, Okla., recovered judgment against the above-named defendants for certain materials furnished to Hanson & Pearce for the construction of certain paving in the city of Yale, Payne county. The parties will be referred to as they appeared in the trial court.

The paving in question was divided into three projects, Nos. 6, 7, and 8, and three separate contracts were made between the city and Hanson & Pearce for the construction of the paving in the three districts. The Metropolitan Casualty Company executed three separate statutory bonds guaranteeing payment of all bills for labor and material furnished in the three projects.

The Producers National Bank filed suit against the two defendants and alleged that the Tulsa Stone & Gravel Company sold certain materials to Hanson & Pearce which were used in the construction of paving in the three districts, and had sold and transferred the claim to plaintiff bank. The prayer of the petition was for $903.05, the unpaid balance due on the account. Said cause was No. 9758 in the district court.

The Zenith Limestone Company also filed suit in the district court of Payne county against the same defendants on a balance due on account for materials furnished to Hanson & Pearce, which were used in the construction of the improvements in districts 6, 7, and 8 in the city of Yale, in the sum of $1,087.86. This cause was No. 9617 in the district court.

Cause No. 9758 came on for trial on February 6, 1930, and plaintiff introduced its evidence. No decision was rendered at that time. On March 1, 1930, cause No. 9617 came on for trial, and plaintiff Zenith Lumber Company introduced its evidence, but no decision was rendered at that time. Defendants offered no evidence in either case.

On March 28, 1930, the Zenith Lumber Company sold and transferred to the Producers National Bank, plaintiff in cause No. 9758, all its interest and right to its claim for materials furnished in constructing street improvements in districts 6, 7, and 8 in the city of Yale and all its rights in its pending cause of action No. 9617. On the following day the Zenith Lumber Company filed a motion to consolidate causes No. 9758 and No. 9617 and its motion was

sustained and the causes were duly consolidated by order of the court and the Producers National Bank substituted as party plaintiff in the consolidated action. Thereafter judgment was rendered in favor of plaintiff in the consolidated action in the sum of $1,989.92, from which the defendants have appealed.

Defendants contend: First, that the trial court erred in consolidating the two causes while they were pending after evidence had been introduced and over the objection of defendants. There is no merit in said contention. Defendants argue that there is no authority for the consolidation of causes on motion of plaintiff, citing section 324, C. O. S. 1921 (sec. 257, O. S. 1931).

In the recent case of Exchange Trust Co. v. Palmer, 163 Okla. 33, 20 P. (2d) 897, it is said that the power of the court to consolidate actions is not limited by section 257, O. S. 1931, but that the statute confers upon the courts the rights accorded to courts of law and equity under the common law to consolidate actions. It is also pointed out that the trial court should be allowed a wide range of discretion in consolidating cases where the purpose of the consolidation is to simplify the work of the trial court.

In the instant case the parties plaintiff and defendant were the same and the two causes of action arose out of the same general subject-matter. Clearly, there was no abuse of discretion of the trial court in consolidating the two actions, and the defendants suffered no prejudice thereby.

Defendants also contend that the trial court erred in rendering a judgment for a lump sum in two separate lawsuits which involved three separate actions covered by three separate contracts of indemnity.

In this connection, the court found that although there were three public improvement projects involved, they were treated as one general project by the contracting parties. This finding is amply sustained by the evidence. The court further found the amount of material furnished by the Tulsa Stone & Gravel Company and the amount furnished by the Zenith Lumber Company and found the amount of material used in each of the separate districts. Although the more strict procedure would require that a separate judgment be entered upon each of the indemnity contracts, we find no prejudicial error in the failure of the court to do so. Defendant's position in this regard

is purely technical. Section 319, C. O. S. 1921 (sec. 252, O. S. 1931), provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

The above rule is applicable here, and since the form of the judgment rendered is sufficient to protect defendants in their right to have the liability on each bond adjudicated by the court, the form of the judgment is irregular only, and is not so insufficient as to justify a reversal of said judgment.

The judgment of the trial court is affirmed.

Included in the brief of defendant in error is a request for judgment on the supersedeas bond, a certified copy thereof being included in the case-made. There appearing to be no good reason for the refusal of said request, judgment is hereby rendered against the Metropolitan Casualty Insurance Company of New York, principal on said bond, and the Commercial Casualty Insurance Company, surety on said bond.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BUSBY, JJ., concur.