## METROPOLITAN LIFE INSURANCE CO. v. RICHTER.

No. 27586.   Nov. 23, 1937.

Rehearing Denied March 1, 1938.

Williams & French, for plaintiff in error.

E. F. Maley, for defendant in error.

PER CURIAM. This is one of a group of appeals prosecuted to this court from the district court of Okmulgee county wherein the same parties and the same subject matter were involved. A brief history of the litigation is essential to an understanding of the questions here presented. On November 21, 1932, the defendant in error, hereinafter referred to as plaintiff, instituted an action against the plaintiff in error, hereinafter referred to as defendant, to recover certain weekly benefits provided in an accident insurance policy. In this suit the plaintiff only made claim for the period of time between March 20, 1931, and June 19, 1932. The plaintiff had judgment, and an appeal was prosecuted to this court, and such judgment was affirmed. See Metropolitan Life Ins. Co. v. Richter, 173 Okla. 489, 49 P. (2d) 94. On January 9, 1934, while the appeal in the above-cited case was pending in this court, the cause now under consideration was instituted for the purpose of re-

covering the benefits which had accrued under the policy between June 19, 1932, and August 6, 1933. Thereafter, and on December 26, 1935, plaintiff brought another action to recover the benefits which fell due under his policy between November 6, 1934, and December 25, 1935. Again, on January 27, 1936, another action was instituted by the plaintiff to recover for the periods of time and the installments which he had not included in his prior suits. The defendant, in addition to other defenses, pleaded the judgment in Metropolitan Life Ins. Co. v. Richter, supra, in bar of any claim of the plaintiff for the 22 weeks' benefits which arose between June 19, 1932, and November 21, 1932, and which had accrued prior to the institution of that action and which had been omitted therefrom. The lower court, over the objections and exceptions of the defendant, consolidated the three cases for trial, but required the jury to return a separate verdict in each case. The verdicts of the jury were in favor of the plaintiff for the full amount claimed in each instance. Separate appeals have been prosecuted to this court and docketed herein under Nos. 27586, 27587, and 27588. 182 Okla. 448, 78 P.2d 310; 182 Okla. 449, 78 P.2d 311.

In the cause now under consideration the defendant as grounds for reversal urges three propositions, which may be summarized as follows: First, the disability of plaintiff was not the direct and independent result of an accidental injury; second, the failure of the plaintiff to claim the 22 weeks' benefits which had accrued prior to the institution of his former action constituted such a splitting of his cause of action as to preclude a recovery thereof in this suit; and, third, that the consolidation of the three cases for the purpose of trial constituted error.

Under the first proposition we are asked to weigh the evidence and substitute our judgment for that of the jury. This we decline to do. It is sufficient to say that in our opinion there is ample evidence in the record to support the finding of the jury that the disability of the plaintiff was a direct and independent result of his accidental injury. Under such circumstances the rule applicable is that stated in the case of Prudential Ins. Co. of American v. Singletary, 151 Okla. 301, 3 P. (2d) 657, wherein this court said:

"In an action on an insurance policy which provides for monthly payments, where the insured becomes permanently and totally disabled, the question of whether or not the insured is permanently and totally disabled is a question of fact, and the verdict of the jury will not be disturbed by this court on appeal where there is competent evidence tending to support the verdict and finding of the jury."

Whether the disability was the direct and independent result of plaintiff's accidental injury was for the jury, and their verdict forecloses the contention of the defendant.

The next contention of the defendant is that the failure of the plaintiff to include in his suit of November 21, 1932, a demand for the installments or weekly benefits which became due between June 19, 1932, and November 21, 1932, and prior to the filing of said action, was fatal to any subsequent claim therefor. As pointed out in Metropolitan Life Insurance Co. v. Richter, supra, the policy of insurance herein involved provided a weekly benefit of $50 per week for such total disability as would continuously and wholly disable and prevent the insured from performing any and every kind of duty pertaining to his occupation. The plaintiff in his petition, in the case now under review, alleged that he had been continuously disabled since the date of his injury, March 20, 1931, and that he was so disabled during the period of time between June 19, 1932, and August 6, 1933. This being true, he was then so disabled during the 22 weeks between June 19, 1932, and the filing of his former action on November 21, 1932, and his right to the benefits had then fully accrued and he was entitled to sue and demand the same in that action. For some unexplained reason, the plaintiff saw fit to limit his demand to a period of time extending only from the date of his accidental injury to June 19, 1932. We may surmise why this was done, but no just cause or excuse for such action appears. The contract between the parties, while single and entire, contemplated and provided the payments for weekly periods and as such was divisible in its nature. As pointed out in the case of Mid-Continent Life Ins. Co. v. Walker, 128 Okla. 75, 260 P. 1109, in a contract of this nature successive actions for the successively accruing payments may be maintained, and it is not permissible to include subsequent accruing payments in a judgment unless prior to trial the petition has been amended to so provide. It is likewise the rule that when an action is instituted on such a contract, all of the benefits which have accrued to the date of filing of the action must be included therein or else the plaintiff will be

thereafter barred and precluded from maintaining an action therefor. As said in 1 R. C. L. 352:

"A contract to pay money in installments is divisible in its nature, that is, each default in the payment of an installment may be the subject of an independent action, provided it is brought before the next installment becomes due; but each action should include every installment due when it commenced unless a suit is, at the time, pending for the recovery thereof, or other special circumstances exist."

And as said in 34 C. J. page 836, par. 1247:

"Where several claims, due or enforceable at different times, arise out of the same transaction, separate actions may be brought as each liability accrues, although all of such claims which may be due at the time of bringing a given action must be included in it."

See, also, Whitaker v. Hawley (Kan.) 1 P. 508.

While this court has never had occasion to pass upon the precise point here presented, the modern decisions are in practical unanimity upon the point. As said in Stradley v. Bath Portland Cement Co. (Pa.) 77 Atl. 242:

"Where an employee hired for a year at a fixed salary, payable in monthly installments, has been wrongfully discharged, if no action is brought until more than one month's salary is due, the action must include all installments due, and a recovery in such action for a portion of the salary due is a bar to a second suit to recover other installments due at the time of the first action."

When the plaintiff instituted his action on November 21, 1932, he should have included therein all installments which had accrued prior thereto, but he could not be required to include any unmatured installments or any portion thereof. Since, at the time of the institution of the action there were 22 fully matured installments which should have been included in that action and which were omitted by the plaintiff, the plaintiff thereby precluded himself from thereafter maintaining an action for such installments. The trial court committed error in refusing to so charge the jury and in failure to limit the plaintiff's recovery in that respect.

The final contention of the defendant is that the trial court erred in consolidating the three actions for the purpose of trial. The parties plaintiff and defendant were the same in three cases; they all arose out of the same subject matter and all involved substantially the same state of facts and questions of law, and it appears that the consolidation was made for the purpose of expediting the work of the court. The defendant fails to point out wherein any specific prejudice resulted to the defendant, and we fail to find any such. Under these circumstances the applicable rule is that announced in Metropolitan Casualty Ins. Co. of N. Y. v. Producers National Bank of Tulsa, 167 Okla. 428, 30 P. (2d) 174, wherein this court said:

"The trial court is vested with a wide discretion in the matter of consolidating cases for the purpose of simplifying the work of the court, and where two cases have proceeded to trial and evidence has been introduced in both cases, * * * and application for consolidation is made by a party plaintiff to one of the cases, and where it is shown that the parties plaintiff and defendant are the same in both cases, and both cases arise out of the same subject matter, held, that there was no abuse of discretion on the part of the trial court in ordering that said cases be consolidated."

From what has been said it is apparent that the judgment of the trial court was erroneous to the extent that it permitted the plaintiff a recovery for the 22 weeks' installments which had accrued prior to his suit of November 21, 1932. Since the only error presented is one of law and a new trial is not necessary, the judgment of the trial court will be reduced in the sum of $1,100 and as thus modified will be affirmed. The costs will be equally divided between the parties.

Modified and affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.