## METROPOLITAN LIFE INS. CO. v. RICHTER.

No. 27588. March 1, 1938.

Rehearing Denied April 12, 1938.

Williams & French, for plaintiff in error.

E. F. Maley, for defendant in error.

CORN, J. This is a companion case to Nos. 27586, 182 Okla. 446, 78 P.2d 307, and 27587, 182 Okla. 448, 78 P.2d 301, decided Nov. 23, 1937, all three of said cases being between the same parties and based upon the same contract, to wit, an insurance policy covering disabilities resulting from accidental injuries. The questions herein presented are identical with those presented and discussed in case No. 27586, except that this case presents a different fact situation which necessarily excludes it from the application of the rule against the splitting of causes of action discussed and applied in said case. The rule applies to the 22 weeks' benefits which arose between June 19, 1932, and November 21, 1933, and which had accrued prior to the institution of the first action upon the policy, but which were omitted therefrom; the rule, as applicable to insurance contracts of this kind, requiring that all benefits accruing prior to the institution of the action must be included therein, or a recovery is an effectual bar. But the rule does not apply in these cases, which were consolidated and tried together as one case, except that the trial court instructed the jury to return a separate verdict in each of the three consolidated cases. The reason that the rule does not apply is obvious enough. The rule is one of public policy and is designed to protect defendants from harassment by a multiplicity of suits upon causes of action which may properly be united in a single action.

Certain portions of the benefits sued for in this case should have been included in the two preceding cases, and it must be conceded that if they had been tried separately and at different times and had the judgments become final without their inclusion, as in the first action, which did not include the 22 weeks, such omitted benefits, or accrued causes of action, would have been barred in this action. But such was not the case. The right of the plaintiff to recover for the entire period of time included in the consolidated cases was tried and determined in a single trial, and it does not appear that the defendant has suffered any injury or inconvenience thereby. The defendant cannot consistently complain of the consolidation of the cases and at the same time invoke the rule against the splitting of causes of action as a bar to recovery of the benefits not properly included in the two preceding cases.

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, GIBSON, and HURST, JJ., concur. DAVISON, J., absent.