BAUDER et al. v. BAUDER et al.

No. 31644.   Jan. 30, 1945.

*155 P. 2d 543.*

W. R. Kerr, of Tulsa, for plaintiffs in error.

Marvin T. Johnson, of Tulsa, for defendant in error Grace Alice Bauder.

Eugene Rust, of Tulsa, for defendant in error Home Federal Savings & Loan Association.

DAVISON, J.  This cause is presented on appeal from a judgment of the court of common pleas of Tulsa county, Okla., in an action wherein Francis W. Bauder and Tace Rose Nichols, the surviving children of Lea Bauder, were plaintiffs, and Grace Alice Bauder and Home Federal Savings & Loan Association were defendants. The defendant Grace Alice Bauder is the second wife of H. W. Bauder, deceased, who was the surviving husband of Lea Bauder.

Plaintiffs alleged that Lea Bauder, who died on May 21, 1938, was, at the time of her death, the owner of a lot or plot of ground described as:

"1  beginning at a point 400 feet North of the N.E. corner of Lot 24 Block 1 Lynch-Forsythe addition to the city of Tulsa, on the west line of Utica avenue in the city of Tulsa, thence North fifty (50) feet, thence West 137½ feet, thence South fifty (50) feet; thence east 137½ feet to the point of beginning, being a part of lot 3 in Section six (6), Township Nineteen (19) North, Range Thirteen (13) East, Tulsa County, Oklahoma."

Plaintiffs further alleged that a quitclaim deed bearing date of May 19, 1938, was of record in the office of the county clerk of Tulsa county, which deed purported to have been executed by Lea Bauder and to convey the above-described land to H. W. Bauder. Plaintiffs also alleged that said Lea Bauder was in the hospital at the time and could not and did not execute the deed in question. Plaintiffs then alleged that the Home Federal Savings & Loan Association claimed an interest in the land under a mortgage dated July 17, 1941, purporting to have been executed by H. W. Bauder and Grace A. Bauder, which said mortgage is alleged to have been void because the mortgagors did not then own the property in question.

Grace Alice Bauder filed her separate answer admitting the death of her husband, Harry W. Bauder, on April 22, 1942. She alleged that Lea Bauder conveyed the land to Harry W. Bauder by the deed described in plaintiffs' petition, which Grace Alice Bauder says was executed by Lea Bauder and acknowledged before a notary public. She further alleged that on July 17, 1941, she joined her husband in executing a mortgage on the property to the Home Federal Savings & Loan Association; that the property was her husband's homestead when he died, and that she, Grace Alice Bauder, is now occupying the same as a probate homestead.

The defendant, Home Federal Savings & Loan Association, filed its separate answer asserting that on June 17, 1941, H. W. Bauder was the owner of the tract of land, and that on that date he applied for a loan upon the land in the sum of $1,600, to secure the payment of which he and his wife, Grace Alice Bauder, executed a mortgage to be repaid in installments of $15.62 per month. This defendant asserts that payments made have reduced the amount under the mortgage to $1,464.57.

The Building and Loan Association further asserts that the plaintiffs in the action knew of the deed by Lea Bauder and made no claims based upon the invalidity thereof. That they stood by and permitted H. W. Bauder and wife to consummate the mortgage transaction and are now estopped by such conduct to assert the invalidity of the deed. This defendant further alleged that plaintiffs' claim constituted a cloud upon its mortgage lien and requested that its mortgage lien and mortgage upon the land be quieted as against the claims of the plaintiffs.

The deed in question bears the names of Lea Bauder and Flora B. Barton as grantors.

On the issues thus made the cause was tried to the court on March 27, 1943. Plaintiff Tace Rose Nichols testified she was familiar with the signature of her mother and that the signature appearing on the deed was not that of her mother. She also testified that her mother was in the hospital on the date of the execution of the deed and could not have gone any place to acknowledge the same.

Plaintiffs' next witness was D. B. Crewson, a handwriting expert, who, after qualifying as an expert, testified that he had examined the questioned signature and compared it with other signatures admitted to be those of Lea Bauder. That from his comparison and examination he was of the opinion that the signature of Lea Bauder was not genuine and was not signed by her.

Larkin Bailey, an abstracter and notary public who took the acknowledgment on the questioned deed, was plaintiffs' next witness. He identified the acknowledgment as one taken by him, but did not recall that Lea Bauder was present. He kept a record of all acknowledgments which he had taken. This particular acknowledgment was numbered by him as 3657 and was of a quitclaim deed executed by Flora B. Barton and Lea Bauder to Harry Bauder. The witness did not remember that Mrs. Bauder appeared before him when the acknowledgment was taken since he sometimes took acknowledgments in the absence of the person signing the same.

The first witness for the defendant was Joe T. Haynes, vice president of the Home Federal Savings & Loan Association, who negotiated the mortgage loan on the property and who testified the unpaid balance on the mortgage debt was $1,429.20. The mortgage was introduced in evidence.

Mrs. Flora B. Barton was defendants' next witness. She was cograntor in the questioned deed. She executed the deed to cure a minor defect in the title. She recognized and identified her own signature on the instrument, but did not see Lea Bauder sign the same. She also testified that a short time before Mrs. Lea Bauder died she visited Mrs. Bauder at the Morningside Hospital, and that Mrs. Bauder told her she had given her husband the property involved herein because she wanted him to have it and because he needed it.

Grace Alice Bauder testified in substance that during the lapse of time since the execution of the deed, her right to occupy the premises had not been questioned.

In rebuttal, Tace Rose Nichols was recalled as a witness for plaintiffs. She testified that the witness Mrs. Barton was mistaken as to the time she visited her mother, and that Mrs. Barton was not there to visit during the last few days of Mrs. Bauder's life.

When the foregoing testimony had been produced the trial court decided the cause for the defendants and rendered judgment accordingly. The basis of the trial court's decision was the insufficiency of the evidence to show that the deed was forged, thus being upon the theory that the name of Lea Bauder appearing on the questioned deed was genuine and that such deed was executed by her.

An analysis of the evidence in this case discloses that the grantor, Lea Bauder, was not actually present when her acknowledgment to the disputed signature was placed on the deed.

Both the grantor and the grantee in the deed are dead. Only one witness talked to the grantor about the execution of the deed. That witness was informed by the grantor that she, the grantor, had given the property in question to Harry Bauder. In view of the character of the evidence introduced by plaintiffs, we deem the evidence produced by the defendants of ample probative force to support the judgment and decision of the trial tribunal. One witness, plaintiff, disputes the evidence of Mrs. Barton and asserts that she could not have visited her mother at the time indicated. This evidence presented a conflict for the consideration of the trial court.

The other witnesses for the plaintiffs gave opinion evidence and testified in substance that Mrs. Bauder's signature on the deed was not genuine. Expert evidence of this character is at most only opinion evidence, and may, especially where disputed, be disregarded.

In their briefs the parties to this appeal spend much time in discussing the evidentiary force of an acknowledgment. In this case it is doubtful if the acknowledgment was regular. The failure to appear before a notary may destroy the effect of an acknowledgment insofar as the recording of the instrument is concerned, but it does not destroy the effect of the instrument as a conveyance of property.

It is the general rule that a regular certificate of acknowledgment appearing upon a deed imports veracity to the instrument, and that the deed can then be declared a forgery only upon clear, unequivocal, and convincing testimony. Wolverine Oil Co. v. Parks et al., 79 Okla. 318, 193 P. 624; Winn v. Willmott, 138 Okla. 177, 280 P. 808; Elliott v. Knappenberger, 177 Okla. 303, 58 P. 2d 1240.

However, in a case where it appears that the grantor did not in fact appear before the notary, the evidentiary force of the acknowledgment is destroyed or greatly lessened. Owens v. Hill, 190 Okla. 239, 122 P. 2d 801; Kline v. Mueller, 135 Okla. 123, 276 P. 200; Thompson v. McGill, 189 Okla. 3, 113 P. 2d 826.

Eliminating the evidentiary effect of an acknowledgment, the evidence before the trial tribunal was sufficient to justify the conclusion and decision that the deed was not a forged instrument, and the decision of the trial court on that question is not against the clear weight of the evidence.

Another factor that claims a degree of consideration in this case is the doctrine of laches. The deed in question in this case was executed in May of 1938, and properly recorded several days after the execution thereof. This action was not commenced until May of 1942. In the meantime both the grantor, Lea Bauder, and the grantee, Harry W. Bauder, died. Neither was available as a witness at the trial and the possible benefit of their testimony had been lost. The delay in bringing this action was perhaps a circumstance considered by the court in the rendition of judgment.

The record, as a whole, is free from prejudicial error. The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, CORN, and ARNOLD, JJ., concur.