Charles L. WILLS and Beverly Jean Fulton, Plaintiffs in Error,

v.

Conrad DISSING, Defendant in Error.

Charles L. WILLS and Beverly Jean Fulton, Plaintiffs in Error,

v.

Maurice C. WILLS, Defendant in Error.

Nos. 38697, 38698.

Supreme Court of Oklahoma.

Oct. 25, 1960.

Charles N. Berry, Jr., Oklahoma City, for plaintiffs in error.

John W. Fagg, Oklahoma City, for defendant in error, Conrad Dissing.

John Chiaf, Oklahoma City, for defendant in error, Maurice C. Wills.

HALLEY, Justice.

Mrs. Gertrude Dissing died on June 26, 1957, at the age of eighty-four years. She left surviving her one son, Conrad Dissing, two grandsons, Maurice C. Wills and Charles L. Wills, sons of Cecil Wills, deceased, and a granddaughter, Beverly Jean Fulton, the daughter of her son, Clarence Wills, deceased. At her death Mrs. Dissing owned a piece of real estate at 2101 N.W. 18th, on which there was a duplex. She owned two lots at 108 and 110 S.W. 3rd Street. There was a small house on each lot. All the property was in Oklahoma City.

On July 8, 1957, Maurice C. Wills filed a quitclaim deed to Lot 6 in Block 12 South Oklahoma Addition to Oklahoma City, executed by his grandmother, Gertrude Dissing, to himself. It was dated June 4, 1956. He filed a suit to quiet title to this property on November 1, 1957, in the District Court of Oklahoma County, Case No. 142616.

On July 17, 1957, Conrad Dissing filed a quitclaim deed from his mother, Gertrude Dissing, to himself covering Lot 5 Block 12 South Oklahoma Addition to Oklahoma City and Lots 43 and 44 of Block 13 Milam Place Addition, Oklahoma City. It was also dated June 4, 1956. He filed a suit to quiet title to this property in the District Court of Oklahoma County, Case No. 142615.

Later Maurice C. Wills filed a motion to consolidate Case No. 142616 with Case No. 142615. On January 14, 1959, the Trial Judge ordered the cases consolidated over the objection of Charles L. Wills and Beverly Jean Fulton.

The consolidated cases were tried to the court and a separate judgment was rendered in each case for the plaintiff and the defendants have taken separate appeals in each case to this Court. We have ordered the appealed cases consolidated for the purpose of briefing.

We will refer to the parties as they appeared in the trial court.

The defendants set up four propositions for reversal of this cause which are:

1. The trial court improperly consolidated Case No. 142615, Dissing v. Wills et al. and Case No. 142616, Wills v. Wills et al.

2. That there was a presumption that Conrad Dissing exercised fraud and undue influence in obtaining a deed to his mother's property which he did not overcome.

3. That the evidence showed Gertrude Dissing to be incompetent on June 4, 1956, the date of the purported execution of the quitclaim deeds.

4. That the quitclaim deeds were forgeries.

We will discuss the defendants' contentions in the above order.

Was it error for the trial court to consolidate these two cases? We can see none. So much of the evidence in these cases applied to each case and to try them together would save a great deal of time. This question has been passed on by this Court in several cases. In Smith v. Stock Yards Loan Co. et al., 186 Okl. 152, 96 P.2d 55, 58, we said:

"* * * A wide discretion should be allowed in the consolidation of actions, the purpose of said consolidation being to simplify the trial court's work as far as possible. Exchange Trust Co. v. Palmer, 163 Okl. 33, 20 P.2d 897; Metropolitan Casualty Ins. Co. v. Producers' Nat'l Bank, 167 Okl. 428, 30 P.2d 174. The consolidation of actions, is not, in the absence of statute, a matter of right, but rests in the sound discretion of the court; and its discretion will not be interfered with unless abused. 1 Am.Jur. p. 477, para. 93."

We do not see where parties were prejudiced in any way by the consolidation of these two cases. There is nothing in 12 O.S.1951 § 79 that prohibits this consolidation.

Now as to the defendants' second contention that there was a presumption that Conrad Dissing had exercised fraud and undue influence in obtaining the deed to himself which he had not overcome. We do not agree. In the first place Conrad Dissing introduced evidence that the two deeds that this mother executed on June 4, 1956, were prepared by reputable lawyers. There was nothing clandestine about the circumstances surrounding the execution of the deeds. He had been very helpful to his mother through the years and she had stated to others that she intended to give certain property to Conrad. The grandson Maurice Wills was closer to her than her other grandchildren. He had lived with her for years and made her an allotment when he was in the service and certainly it was not unnatural for her to prefer him over her other grandchildren with whom she had not had as much contact.

Neither do we think that Conrad Dissing abused the confidential relationship existing between his mother and himself, if one did exist. No doubt she relied on his judgment in many matters but he was the one to whom she looked when she needed help. He saw to it that her hospital bills were paid. We think that the evidence offered by him was sufficient to rebut any possible presumption of fraud, overreaching or unfairness on his part. We think that the facts in the case at bar are so much more favorable to the grantees in these deeds than were found in Flowers v. Flowers, 94 Okl. 134, 221 P. 483, and Weitz v. Moulden, 109 Okl. 119, 234 P. 583, that these cases have no application here. In our opinion our holding in Schatz v. Wintersteen et al., 201 Okl. 660, 208 P.2d 1136, is in point and controlling in this case.

The general rule in cases involving a deed from a parent to a child appears to be that a confidential relationship does not necessarily arise from the relationship of parent and child; and in determining the validity of deeds from parent to child the existence of undue influence depends on the facts of each particular case. Antle v. Hartman et al., 193 Okl. 524, 145 P.2d 756, 757, was a case where a mother deeded land to one daughter and gave nothing to her other child, a daughter. The facts of this case and the one at bar have many points of similarity and the result the same. One daughter had taken care of her mother, the other by force of circumstances had not. We said there:

"* * * Influences which arise out of the affection, confidence and gratitude of a parent to a child and inspire a gift are natural and lawful influences and will not render such gift voidable. * * *"

In our case there was, as in that case, a total lack of evidence of any urging or importuning.

In Schatz v. Wintersteen, supra, we quoted with approval from Lillie v. Lyon, Ex'r, 195 Okl. 597, 159 P.2d 542, which held that the mere existence of a confidential relationship between testator and beneficiaries under his will does not raise a presumption that the beneficiaries have exercised undue influence over the testator and does not cast upon the beneficiaries the burden of proof upon the issue of undue influence. See also Bush v. Bush, 142 Okl. 152, 286 P. 322, and 26 C.J.S. Deeds § 64c(1).

■ For their third proposition the defendants contend that Gertrude Dissing was incompetent at the time the deeds were supposed to be executed. It was the defendants burden to show she was incompetent and a study of the evidence convinces us that they have failed to meet this burden. The testimony of her personal physician and many friends overwhelmingly favor the plaintiffs. The responsibility here was on the defendants to show incompetency under Duncan v. Burkdoll, 204 Okl. 574, 232 P.2d 151.

■■ For their fourth proposition the defendants urge that Gertrude Dissing's signature to each deed in question was a forgery. After reading the testimony we are satisfied that contention is without foundation. The testimony of the notary public who took the acknowledgment of Gertrude Dissing was cogent and convincing. It is certainly more persuasive than that offered to show forgery. Under Bauder v. Bauder, 195 Okl. 85, 155 P.2d 543, the trial court must be affirmed on this point.

After a study of the evidence in this case we are convinced that the trial court's judgment is not clearly against the weight of the evidence but is sustained thereby. The judgment reached in each of these cases is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD and BERRY, JJ., concur.

JACKSON, J., concurs in part; dissents in part.

IRWIN, J., concurs in 38,697 and dissents in 38,698.

IRWIN, Justice (concurring in part, dissenting in part).

In my opinion, the judgment in Case No. 38,698, wherein Maurice C. Wills is defendant in error, should be affirmed; and, the judgment in Case No. 38,697, wherein Conrad Dissing is defendant in error should be reversed.

I am of the opinion there is sufficient evidence to clearly establish that a confidential relationship did exist in addition to the mother and son relationship. Conrad Dissing did not testify and other evidence adduced in his behalf did not refute the testimony that such confidential relationship did exist.

In Schatz v. Wintersteen, 201 Okl. 660, 208 P.2d 1136, 1139, we said:

> "The fact that the relationship of father and son existed between the parties is not in itself sufficient to raise the presumption of fraud and undue influence. It is only when in addition thereto a confidential relationship is shown to exist between them that the presumption arises and casts the burden upon the party claiming the benefits of the transaction to prove the same to be fair and free from fraud. Flowers v. Flowers, supra; Weitz v. Moulden, supra."

Applying this rule of law I am of the opinion:

(1) That the evidence is insufficient to disclose fraud or undue influence on the part of Maurice C. Wills, or that a confidential relationship did exist between Maurice C. Wills and his grandmother, Gertrude Dissing, which cast upon him the burden of proving the transaction to be fair and free of fraud.

(2) Although the relationship of mother and son did exist between Gertrude Dissing and Conrad Dissing, this is not in itself sufficient to raise the presumption of fraud and undue influence. Since, in my opinion, there was in addition to the mother and son

relationship, a confidential relationship, the presumption of fraud and undue influence did arise and cast upon him the burden of proving the transaction was fair and free of fraud. In my judgment, he failed to meet this burden.

I therefore concur in that portion of the majority opinion affirming the judgment in favor of Maurice C. Wills, and respectfully dissent to that portion affirming the judgment of the trial court in favor of Conrad Dissing.

I am authorized to state that JACKSON, J., concurs in the views herein expressed.