Douglas A. PUCKETT, Petitioner,

v.

The Honorable David M. COOK, Respondent.

No. 51850.

Supreme Court of Oklahoma.

July 18, 1978.

Rehearing Denied Nov. 6, 1978.

Stipe, Gossett, Stipe & Harper, Oklahoma City, for petitioner.

Kenneth N. McKinney, McKinney, Stringer & Webster, Oklahoma City, for respondent.

BERRY, Justice:

Douglas A. Puckett, petitioner, is plaintiff in an action pending in district court. Respondent judge issued an order consolidating petitioner's district court action with another action. Petitioner asks this Court to assume original jurisdiction and prohibit trial judge from carrying his order into force.

Petitioner and his wife and other persons were passengers on a bus belonging to Oklahoma Transportation Company. Allegedly, the bus was involved in an accident.

Petitioner filed his damage action against the company in Oklahoma County district court on April 11, 1977, under No. CJ–77–1129. At some unknown time petitioner's wife filed her action for damages, arising out of the same transaction, against same defendant, under No. CJ–77–1208 in Oklahoma County district court.

Trial court defendant moved to consolidate the two cases. On November 10, 1977, respondent judge issued an order consolidating the two cases under No. CJ–77–1129, over objection of both petitioner and the other plaintiff.

The order consolidating the cases sets out certain findings: the cases ought to be consolidated; 12 O.S.1971 § 559, constitutes an unconstitutional infringement upon the inherent power of the judiciary to "run its own docket" and, therefore, 12 O.S.1971 § 79 controls consolidation in this cause; the parties [i. e. parties plaintiff in each case] are husband and wife, represented by the same attorney, and both plead injuries evolving out of the same transaction. The court also found no cause had been shown why the cases should not be consolidated. Respondent judge thereupon assumed jurisdiction of the consolidated cause.

The only additional facts necessary to our consideration are that petitioner and his wife are both represented by the same counsel and expect to call the same medical witnesses. Further there are several, perhaps eight, other cases pending in Oklahoma County between other passengers, severally, and the same defendant company.

Petitioner argues several propositions. Restated, petitioner argues 12 O.S.1971 § 559, is constitutional and that trial court abused its discretion in consolidating petitioner's case with petitioner's wife's case.

12 O.S.1971 § 559, provides:

"Separate cases shall not be consolidated for trial by one jury, unless it is agreeable by all parties in each and every case; nor shall more than one case be tried by any one jury, unless it is agreeable by all parties in each and every case."

The Constitution of Oklahoma, Article IV § 1, provides powers of government in this State shall be divided into three separate departments, legislative, executive and judicial. We have interpreted the provision to forbid one department of government from encroaching upon powers and duties of either of the other departments. In *Jones v. Freeman*, 193 Okl. 554, 146 P.2d 564, concerning reapportionment of the Oklahoma legislature, we said that it was beyond our power to decree a certain scheme of legislative reapportionment although it was within our power to pass upon constitutionality of a reapportionment statute enacted by the legislature. We said we were prohibited from reapportioning the legislature both because the duty was reserved to the legislature [Art. V §§ 9 and 10 (now repealed), Constitution of Oklahoma] and because the duty was, by nature, a legislative one.

We hold enactment of 12 O.S.1971 § 559, constitutes an encroachment by the legislature upon a power or duty of the judiciary. The statute exercises ultimate

control of disposition of a certain class of suits before the judiciary.

The statute conflicts with constitutional grant of unlimited original jurisdiction to district courts in justiciable matters [save those reserved to an enumerated court, not an applicable limitation here]. See Art. VII § 7, Constitution of Oklahoma.

■ Jurisdiction includes power to hear and decide a justiciable controversy. *See Twine v. Carey*, 2 Okl. 249, 37 P. 1096. We hold power to "hear" a case includes power to make, and enforce, reasonable rules for orderly procedure before courts.

■ 12 O.S.1971 § 559, attempts to direct courts in a matter of procedure and, if followed, to supersede court's discretion to consolidate any jury cases in certain circumstances. Where the legislature acts with regard to a matter over which courts have ultimate authority, and acts in a way to deprive courts of that authority, the legislative act is an unconstitutional abridgement of the principle of separation of powers. *See In re Bledsoe*, 186 Okl. 264, 97 P.2d 556. We hold 12 O.S.1971 § 559, is an unconstitutional abridgement of Art. IV § 1, Constitution of Oklahoma.

12 O.S.1971 § 79, received into our statutes from statutes of Kansas prior to statehood, permits consolidation of cases in exercise of sound judicial discretion. *Metropolitan Life Ins. Co. v. Richter*, 182 Okl. 446, 78 P.2d 307, *three cases reported seriatim.*

■ Difference between the two statutes is that § 559 compels the court [to deny consolidation in certain cases] while § 79 merely permits the court [to grant consolidation in certain cases]. There is nothing inherently improper in a statute which defines procedure, so long as the statute does not seek to supplant exercise of sound judicial discretion.

Petitioner's second contention is the consolidation of petitioner's case with another in the trial court was a breach of judicial discretion.

■ In cases where abuse of discretion is raised we will review the discretionary act and, if an abuse is involved, correct the abuse. *St. Louis-San Francisco Ry. Co. v. Superior Court*, Okl., 290 P.2d 118.

■ As we have mentioned, petitioner and his wife, plaintiff in the other of the two consolidated cases, had the same counsel. The two cases involved a common defendant, arose out of the same transaction, and therefore have common questions of fact as to liability of defendant to plaintiffs. The point is made that both plaintiffs have a common medical witness.

In view of these facts we cannot agree with petitioner's contention that consolidation was based on the marital status of the two plaintiffs.

Petitioner argues consolidation will reduce the likelihood of a fair and impartial jury trial of both cases. He bases the argument on two premises. First, he says the damage issues will be unduly complicated, rendering a just verdict unlikely. Second, petitioner claims potential prejudice of jurors may affect the rights of one or the other of the plaintiffs. Petitioner claims that counsel may be placed in the untenable position of having to accept a juror on behalf of one plaintiff while rejecting the same juror on behalf of the other plaintiff.

We do not think the complexity of issues will present an insurmountable problem to the jury. Under proper instruction the jury can properly decide the issues before it. Nor do we think the matter of choosing a jury is necessarily so complicated. Counsel should be prepared to react as in any case where it becomes impossible to diligently represent two clients at the same time. However, here there is no indication that plaintiffs are adverse to each other or that the proof as to one will be harmful to the other.

We hold trial court did not abuse its discretion in consolidating petitioner's case with another case for pre-trial and trial proceedings. We assume original jurisdiction for purpose of this opinion.

Application to assume original jurisdiction and petition for writ of prohibition denied.

LAVENDER, V. C. J., and DAVISON, IRWIN and BARNES, JJ., concur.

SIMMS and DOOLIN, JJ., concur in result.

HODGES, C. J., and WILLIAMS, J., dissent.

WILLIAMS, Justice, dissenting:

For reasons to be set out below, I am unable to agree with the opinion of the majority in this case.

It says that Sec. 559 "attempts to direct courts in a matter of *procedure*" (emphasis added), and holds that section unconstitutional as an abridgement of Art. IV, Sec. 1, Oklahoma Constitution, which provides for the separation of the powers of government, citing *In re Bledsoe*, 186 Okl. 264, 97 P.2d 556.

*Bledsoe* was a case in which this Court held that a legislative act requiring in effect that any graduate of an approved law school should be admitted to the practice of law without a bar examination was unconstitutional as " * * * an invasion of the inherent power of this court to fix the maximum requirements for admission to the practice of law in this state * * *." Needless to say, that question is not presented by the statute now under consideration.

The opinion also cites *Jones v. Freeman*, 193 Okl. 554, 146 P.2d 564, in which this Court held in effect that it had no power to reapportion the Legislature. This conclusion was obviously required by the detailed requirements then in our Constitution requiring the Legislature to reapportion itself. Of course there are no similar provisions in our Constitution reserving to the courts the unlimited power to decide which cases shall be consolidated for jury trial.

The opinion of the majority concedes that Sec. 559 concerns "a matter of procedure." In *Atchison, T. &. S. F. Ry. Co. v. Long*, 122 Okl. 86, 251 P. 486, this Court said at page 489 of the Pacific Reporter " * * * No one will deny that the legislative arm of the government has the power to alter and regulate the *procedure* in both law and equity matters." (Emphasis added.)

It is well settled that the Legislature exercises the sovereign will unless restrained by the Constitution. *Wiseman v. Boren*, Okl., 545 P.2d 753; *Spearman v. Williams*, Okl., 415 P.2d 597; *Draper v. State Board of Equalization*, Okl., 414 P.2d 276.

The opinion of the majority also holds that Sec. 559 is unconstitutional because of the "unlimited original jurisdiction" granted to District Courts under Art. VII, Sec. 7, Oklahoma Constitution. If this procedural statute is unconstitutional for that reason, then literally dozens of sections of Title 12 (Civil Procedure) and Title 22 (Criminal Procedure), Oklahoma Statutes, are also unconstitutional.

I therefore respectfully dissent.