William CLARK, Petitioner,

v.

The STATE ELECTION BOARD of the State of Oklahoma; the Honorable Lee Slater, Secretary of the State Election Board; Honorable M.M. McDougal, Judge of the District Court of Tulsa County, State of Oklahoma; and Helen Arnold, Respondents.

No. 59062.

Supreme Court of Oklahoma.

Sept. 16, 1982.

Robert F. Biolchini, Albert J. Givray, Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, for petitioner.

Donald M. Bingham, Tulsa, for M.M. McDougal.

Jan Eric Cartwright, Atty. Gen., for State Election Bd. and Lee Slater.

ORDER

Upon consideration of the application to assume original jurisdiction and petition for writ of mandamus, THE COURT FINDS:

1) The trial court was correct in its finding that the "next ensuing election," pursuant to 26 O.S.1981 § 4–117, was the City of Tulsa municipal election held April 6, 1982, which involved all precincts within the city limits.

2) There was a difference of 38 votes between petitioner, William Clark, and respondent, Helen Arnold. The trial court received into evidence the testimony of 63 elector/witnesses; and properly found that 41 of the 63 were unqualified voters based on the following criteria:

(a) The voter was properly registered to vote before changing his residence;

(b) The voter changed his residence from one precinct to another [within the same county];

(c) The voter moved from his former precinct prior to April 6, 1982, the day of the Tulsa City election [this is the most immediate election preceding August 24, 1982, in which residents of House District 71 would have been qualified to vote];

(d) The voter did not move back to his former precinct prior to August 24, 1982; and

(e) The voter did not transfer his registration by either of the two statutory procedures, 26 O.S.1981 §§ 4–116 or 4–117, authorized for such transfers.

3) The outcome of the election cannot be determined with mathematical certainty. *Helm v. State Election Bd.,* 589 P.2d 224, 228 (Okla.1979).

4) The one-day restriction on continuances imposed by 26 O.S.1981 § 8–119 is unconstitutional because it is violative of due process. *Atchison T. & S.F. Ry. Co. v. Long,* 122 Okl. 86, 251 P. 486, 488 (1926).

5) Original jurisdiction should be assumed, and the petition for a writ of mandamus should be denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the application for original jurisdiction be assumed and petition for writ of mandamus be denied.

HODGES, Acting C.J., and LAVENDER, DOOLIN, HARGRAVE and WILSON, JJ., concur.

SIMMS and OPALA, JJ., concur in part, dissent in part.

OPALA, Justice, concurring in part and dissenting in part:

This is an original proceeding for a common-law writ of certiorari to review the decision in a statutory election contest in which the district judge invalidated the results of the August 24, 1982 primary election for the nominee of the Republican Party to the office of state representative from House District No. 71 in Tulsa County.

The incumbent, Helen Arnold [Arnold], was credited with 1,970 votes, and her opponent, William Clark [Clark], petitioner herein, with 2,008 ballots. The judge found 41 ballots in the disputed election were cast by unqualified voters. He concluded that the winner of the contested race for nomination could not be determined with mathematical certainty because, by the official returns, the two candidates were only 38 votes apart.

My views are not in full accord with those expressed in the court's order.

(1) I do not accede to the court's holding that the one-day limitation in 26 O.S.1981 § 8–119 on the judge's power to grant a continuance is *per se* violative of the fundamental law, state or federal. Rather, it is my opinion that if, in an election contest, the judge should find that the one-day statutory time limit would operate to deprive the contestant of full and fair opportunity to litigate the claim being pressed, the hearing date may be postponed for a reasonable time in order to afford that party the minimum standards of due process guaranteed by Art. 5 § 7 and Art. 2 § 6, Okl. Const. and by the XIVth Amendment to the U.S. Constitution. Legislative restrictions must yield to the inexorable command of the Constitution. *Little v. County Excise Board of Marshall County,* 161 Okl. 40, 16 P.2d 1080, 1082 [1932] and *Puckett v. Cook,* Okl., 586 P.2d 721, 723 [1978].

There was, in my view, *no* legal error in the judge's allowance to Arnold of reasonable time—beyond the limit prescribed by § 8–119—to secure critical testimony for use in her pending contest.

(2) I cannot accede to the court's view that persons registered in the precinct in which they no longer resided at the time of the primary contest were "unqualified voters", even though their new address was within the geographical limits of House District No. 71, if they had failed to transfer from their old to the new precinct in conformity to the provisions of either § 4–116 or § 4–117. I cannot read these sections of our election law as imposing upon the registered voters a *mandatory* transfer system at the peril of forfeiting the right of suffrage. Neither section provides a time limit for effecting a transfer following the elector's change of residence. Rather, the terms of these sections provide but a purely *voluntary* scheme to be triggered at the option of the voter. There is *no* de-registration sanction imposed upon one who fails to transfer at the next ensuing election. In fact, there is no such thing as a statutory status of a lapsed or suspended voter registration for one whose residence was changed *within the county.*

Among voters whose ballots stand invalidated by today's decision are persons who, *without a doubt,* were (a) registered electors; (b) Republicans by party affiliation and (c) residents of the very House District in which their vote was cast. Their ballot cannot be illegal because (a) there is *no* statutory warrant for a judicial declaration of their de-registration at the time of the primary since they continued to be residents of the county in which the registration stood effected and (b) one who is a resident of the House District in which the vote is cast cannot be viewed as unqualified to cast a ballot in a race for state representative from that district.

The focus of the court's inquiry was misplaced. *It looked for its answer to the challenged voter's registration status rather than to the legality of the ballot cast.* A registered voter in the county, whose registration remains unaffected of record by a voluntarily executed transfer and who continues to be a resident of the house district in which the vote is cast, cannot be challenged as having cast an "illegal ballot". *Baggett v. State Election Board,* Okl., 501 P.2d 817, 824 [1972].

The court's decision invalidates ballots that are not illegal under our statutory law.

I am authorized to state that SIMMS, J., joins in my views.