## FOWLER v. FOWLER.

No. 16911—Opinion Filed June 8, 1926.

Withdrawn, Modified, and Refiled July 27, 1926.

**1. Divorce—Decree as to Property Rights —Former Separation Agreement Immaterial Where Marital Relation Resumed.**

Where a separation agreement between husband and wife contemplates the immediate separation of the parties, and the parties, in pursuance of said contract, thereafter remain separate and apart for a considerable length of time, a resumption of marital relations puts an end to the contract, and the contract imposes no limitations upon the court, in a divorce action thereafter instituted by one of the parties, in settling and adjusting the property rights of the parties.

**2. Divorce—Adultery Condoned by Resuming Marital Relation.**

A condonation is established if the husband, after discovering adultery on the part of his wife, resumes marital relations with her, and where there is no misconduct occurring subsequent to the resumption of such relations, he will be precluded, in an action for divorce and property settlement thereafter brought by the wife, from offering evidence of such prior misconduct.

**3. Appeal and Error—Questions of Fact—Conclusiveness of Findings in Equity Case.**

In an equitable action the findings of the trial court should be sustained unless it appears that they are clearly against the weight of the evidence. The findings of the trial court should be strongly persuasive and should not be set aside unless the court can say in equity and in good faith that the conclusion reached by the trial court is clearly against the weight of the evidence.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Eula S. Fowler against J. E. Fowler for an absolute divorce and for alimony pendente lite and permanent alimony. Judgment for plaintiff, and defendant appeals. Affirmed.

Whiteside & Snodgrass, for plaintiff in error.

Roy St. Lewis and W. F. Collins, for defendant in error.

Opinion by FOSTER, C. Defendant in error, Eula S. Fowler, as plaintiff, instituted her action in the district court of Oklahoma

county on the 29th day of October, 1924, against the plaintiff in error, J. E. Fowler, as defendant, for an absolute divorce and for alimony pendente lite and permanent alimony. Parties will be hereinafter designated as they appeared in the trial court.

After the institution of the action there was a separate motion filed for alimony pendente lite, upon which an order was made granting the same, and, subsequently, during the pendency of the action, set aside. Plaintiff alleged that she and the defendant were married on the 26th day of April, 1908, and that beginning April 21, 1923, up to the institution of her action, defendant had been guilty of gross neglect of duty, and that she had been compelled to support herself by her own exertions. She further alleged that defendant was the owner of certain real estate in the city of Altus and in the state of New Mexico of the reasonable value of $30,000. The defendant in his answer, among other things, pleaded in bar of plaintiff's claim for alimony a separation agreement dated and executed by the parties on the 21st day of April, 1923, which he alleged had never been set aside or annulled. He further alleged that prior to the execution of this contract, and particularly from about the year 1915 to the year 1922, the plaintiff had been guilty of various acts of infidelity, charging her with illicit relations with various men, and that the separation agreement incorporated in the answer was the result of information received by him of such misconduct occurring prior thereto. Defendant denied in effect that he had ever condoned the alleged acts of infidelity of which he had knowledge at the time the separation agreement was executed, by any subsequent cohabitation, and alleged that the agreement was still in full force and effect. Defendant attached said contract to his answer and made it a part thereof and his answer was duly verified. The reply of the plaintiff was in the form of an unverified general denial. Upon these issues the cause proceeded to trial, at the conclusion of which the trial court pronounced judgment in favor of the plaintiff for an absolute divorce, for a one-third undivided interest in the real estate owned by the defendant as permanent alimony, for $300 temporary alimony, and $250 attorneys' fees. Motion for a new trial was heard and overruled, exceptions saved, and the defendant appeals.

The first proposition relied on by the defendant for a reversal of the judgment is as follows:

"Error of the court in admitting evidence relative to a property division without an adjudication of the contract of settlement of the property rights of the parties."

There was no effort made by the defendant in the trial of the case in the court below to defeat plaintiff's claim of right to an absolute divorce. So far as our examination of the record goes, plaintiff's right to a divorce was conceded by the defendant.

The real controversy between the parties was whether the plaintiff was entitled to recover anything from the defendant as alimony, by reason of the separation agreement pleaded by the defendant in his answer, the execution of which stood admitted by the plaintiff under the pleadings as they stood at the trial. The controversy, both in the trial court and in this court, relates entirely to the property rights of the parties. Defendant contends, if we correctly understand him, that in the situation disclosed by the record, the separation agreement entered into by the parties on April 21, 1923, is binding upon the court until it has been set aside in some collateral proceeding. We cannot agree with this contention.

The defendant pleaded the contract of April 21, 1923, in bar of plaintiff's claim for alimony, and alleged that said contract was still in force and effect. By the reply of the plaintiff, which was a general denial, the operation and validity of this contract was in issue. While the execution of the contract was not denied, plaintiff introduced evidence tending to show that in the summer of 1924 there was a resumption of marital relations between the plaintiff and the defendant, it being her theory that by such conduct the contract was rescinded, and it seems to us that if the theory of the plaintiff was correct, it would be the duty of the trial court to disregard the contract and settle the property rights between the parties, as the subsequent conduct of the parties should require, under the principles of equity.

We think the judgment of the trial court is reasonably supported by evidence tending to show that in the summer of 1924 the plaintiff and defendant cohabited together at Altus, Okla., as man and wife. The evidence on this point on the part of plaintiff was clear, and there does not appear to be any serious effort on the part of the defendant in his testimony to dispute it, although he alleged in his answer that there had been no resumption of marital relations by the parties subsequent to the contract of April 21, 1923.

The judgment of the trial court being a

general finding in favor of the plaintiff, it involved a finding of every special thing necessary to sustain the general judgment, including a finding that there had been a full resumption of marital relations by the plaintiff and defendant subsequent to the contract of April 21, 1923. Defendant, however, still insists that even though there had been a partial resumption of marital relations between the parties, such conduct on the part of the defendant could not, as a matter of law, have the effect of annulling the separation contract of April 21, 1923. With this contention we cannot agree.

While there might be circumstances in which a conveyance in praesenti from husband to wife of property would be unaffected by the subsequent cohabitation of the grantor and grantee, where, as in the instant case, the contract was accompanied by the immediate separation of the parties, and the agreement as made contemplated such separation, and the parties actually remained separate and apart for ᵒ considerable length of time, in such case we think a resumption of marital relations puts an end to the contract and imposes no limitations upon a court of equity, in a divorce action thereafter instituted by one of the parties, in settling and adjusting the property rights of the parties.

To hold otherwise would open the door to fraud and enable a designing spouse, under cover of the confidential relationship of husband and wife, to secure for himself unfair advantages in the property accumulated during coverture, which a court of equity in an action for divorce would be powerless to remedy.

The next proposition urged by the defendant as ground for reversal is that the trial court committed error in refusing to admit evidence offered on behalf of the defendant of plaintiff's misconduct prior to the date of the separation agreement. Mention has already been made of the fact that the judgment of the trial court was amply supported by evidence, that from June to October, in the year 1924, the plaintiff and defendant cohabited together as man and wife, at least during a portion of that time.

Defendant admitted in his answer that he knew of various and sundry acts of infidelity on the part of plaintiff prior to the separation agreement of April 21, 1923, and that the separation agreement referred to was the result of information of plaintiff's misconduct so obtained by him. Defendant pleaded the separation agreement in bar of any claim of plaintiff in the property owned by him at the time of the trial. If there had been no condonation by the defendant of the alleged misconduct of the plaintiff occurring prior to the separation agreement, then we are unable to see how the facts and circumstances leading up to and resulting in the separation agreement could have any bearing on the case, for the contract would speak for itself and the rights of the parties so far as the property rights are concerned would be governed alone by that contract.

Undoubtedly, if the defendant did not subsequently condone any of the alleged offenses of the plaintiff occurring prior to the separation agreement, in the absence of fraud, the contract as entered into would constitute a bar to the assertion of any further claim by plaintiff against the property of the defendant. Defendant having stood upon this contract, and having denied that the same had been subsequently annulled in any manner, we think the sole question presented for determination was whether or not the contract had been abrogated by the subsequent resumption of marital relations, and that the defendant should be precluded from going behind the contract and from attempting to show that by reason of the misconduct of plaintiff, occurring prior to the contract, he would be entitled to the special consideration of a court of equity.

There is another reason which to our minds is conclusive upon this proposition. There was little dispute in the evidence as to the fact of actual cohabitation between plaintiff and defendant subsequent to the contract of April 21, 1923. The variance between the testimony of the plaintiff and the defendant on this proposition was in respect of the extent to which the cohabitation had proceeded. While denying that he had openly assumed marital relations with plaintiff extending over any considerable period of time, defendant did not deny that on two or three occasions he had occupied the same bed with plaintiff in his apartment in the city of Altus, in the summer of 1924.

Plaintiff on the other hand testified that for a period of several months they cohabited together as husband and wife openly, and her testimony on this particular was corroborated by one or two witnesses. Defendant admitted in his answer that he had knowledge of illicit relations of plaintiff with other men covering a considerable period of time prior to the date of the separation agreement in 1923. In this situation the defendant will be deemed to have condoned any misconduct on the part of the plaintiff occurring prior to the time of the

separation agreement, and for this reason he is precluded from offering evidence of such misconduct.

In Marsh v. Marsh, 13 N. J. Eq. 281, it is said:

"Condonation may be implied if the husband, after reasonable knowledge of the infidelity of his wife, continues to admit her as the partner of his bed."

See, also, Toulson v. Toulson, 93 Md. 754.

The argument advanced by the defendant in his brief, to the effect that although he may have condoned certain acts of adultery on the part of his wife, and known by him at the time of the subsequent cohabitation in 1924, he should not be held to have condoned the acts of adultery occurring prior to that time, but which were not discovered by him until afterwards, is without merit.

There is no evidence in the record of any misconduct on the part of the plaintiff occurring after she and the defendant began living together in June, 1924.

On the other hand it is shown that after that time, the defendant failed to make suitable provisions for plaintiff, and that he neglected his marital duties without any fault on the part of the plaintiff. The evidence discloses that the defendant owned two pieces of improved real estate in the business district of the city of Altus, which yielded a monthly rental of $240. While this property was received by the defendant during coverture by inheritance from his deceased father, we cannot say that the judgment of the trial court granting the plaintiff a one-third undivided interest in this property, subject to existing liens, and requiring him to pay $300 temporary alimony, and $250 attorneys' fees, is not fully supported by the evidence. Baldridge v. Zigler, 103 Okla. 219, 229 Pac. 831.

It being made to appear, pursuant to a former order of this court, that the defendant has paid the sum of $100 to apply on the attorney's fee of $250 allowed plaintiff by the trial court, and the further sum of $350 to apply on the judgment for temporary alimony allowed by the trial court, and it appearing from said former order that the amounts so paid should be credited upon the judgment of the trial court, if affirmed, it is now finally ordered by this court that the defendant is hereby allowed credit on the judgment and decree rendered against him in the trial court for the amounts so paid by him, and that the judgment, as thus modified, be in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 30 C. J. p. 1065 § 847; anno. 43 L. R. A. (N. S.) 1219; 9 R. C. L. p. 535; 2 R. C. L. Supp. p. 825; 4 R. C. L. Supp. p. 612; 5 R. C. L. Supp. p. 514. (2) 19 C. J. p. 85 § 197; 9 R. C. L. p. 380. (3) 4 C. J. p. 898 § 2868; p. 900 § 2869: 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. p. 91; 5 R. C. L. Supp. p. 81.