## STEINER et al. v. STEINER.

No. 20730. Opinion Filed April 19, 1932.

Cress, Tebbe & Cress and H. A. Johnson, for plaintiffs in e ror.

W. M. Bowles, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Noble county, wherein the plaintiffs in error were the plaintiffs and the defendant in error was the defendant. Hereinafter the parties will be referred to as they appeared in the trial court.

The plaintiffs in their petition, as amended, prayed for the cancellation of a deed, the quieting of title to 80 acres of land situated in Noble county, and for damages. The judgment was for the defendant, and the plaintiffs appealed to this court.

Mathias Steiner, in 1923, was the owner of 160 acres of land in Noble county upon which he and his wife, Antonia Steiner, lived and maintained their home. Sometime in 1923, Antonia Steiner began an action for divorce from her husband. A property settlement and agreement as to both personal and real property was entered into, which was to be effective provided a divorce was granted. A divorce was granted and the trial court confirmed the property settlement, giving to Antonia Steiner the south 80 acres of the land and to Mathias Steiner the north 80 acres thereof. The decree was entered sometime between 11:00 and 12:00 o'clock a. m. Thereafter, and about 1 o'clock p. m., Mathias Steiner executed a deed conveying his 80 acres to his brother, the defendant, for a recited consideration of $2,000. Thereafter Mathias Steiner died.

The plaintiffs, in their petition, alleged that on the day the divorce decree was entered, the land in controversy was the homestead of Mathias Steiner and his wife and that the deed of Mathias Steiner to his brother, the defendant, was void for the reason that it was not signed by his wife. They alleged a want of consideration for the deed and that Mathias Steiner intended to put the title to the land in the name of the defendant as trustee that the land might be preserved for his children and to prevent the same from being squandered by suits by his creditors. They did not ask that the deed he declared to be a trust deed or that the land be declared to be held in trust for the plaintiffs as the heirs of Mathias Steiner. They prayed that the deed be declared void and canceled; that the land be declared to be the property of the plaintiffs as the heirs of Mathias Steiner, deceased, and that they have judgment against the defendant for $1,000, the amount of a mortgage placed upon the land by the defendant.

In considering whether or not the deed to the defendant should be set aside as being void because of the homestead character of the land, it is not necessary to determine whether or not Mathias Steiner had a homestead right in the land. We need determine only whether or not, after the divorce had been granted, he could dispose of the property without the signature of his former wife. When the deed to the defendant was executed, Mathias Steiner was not the husband of Antonia Steiner, but was a single man and the land conveyed by the deed was his separate property. Though he retained a homestead right good against creditors, he had no wife and the signature of his former wife to his deed was not necessary.

In Goldsborough v. Hewitt, 23 Okla. 36, 99 P. 907, it was held:

"In a divorce proceeding it is competent for the court, in the decree, to set aside the homestead to either party; but where the same makes no disposition thereof, the homestead remains to the husband, as the head of the family, discharged of all homestead rights or claims of the other party."

In that case this court quoted with approval the holding of the Supreme Court of Illinois in Stahl v. Stahl, 2 N. E. 160, as follows:

"Where a wife procures a divorce from her husband, the court is authorized to make disposition as to the homestead; but if the court fails to do this, the relation of husband and wife being severed by the decree of divorce, the latter loses all claim to a homestead, so that the husband may sell the premises without her release of homestead right."

The rights of Antonia Steiner in the land ceased with the entering of the decree of divorce and the order approving the property settlement, from which no appeal was taken. Barnett v. Frederick, 33 Okla. 49, 124 P. 57. Where a decree of divorce was granted and the homestead of the parties was divided by the court, Antonia Steiner lost all homestead rights in the portion of the land set aside to Mathias Steiner, and thereafter the provisions of section 5240, C. O. S. 1921, requiring a conveyance of real estate to be subscribed by both husband and wife was not applicable, for the reason that that provision is applicable only "where both are living and not divorced or legally separated."

As to whether or not the consideration for the land was paid, the trial court found that all of the consideration had not been paid, but it did not determine the balance due, for the stated reason that the court was "unable to ascertain from the evidence how much balance is due and owing there-

on." The plaintiffs cannot recover for the balance of the purchase money without proving the amount of that balance. The trial court is not authorized to guess at the amount. The defendant has a general warranty deed, duly acknowledged and recorded and regular in every respect. There was no attempt to show any misrepresentation or fraud. If it is conceded that all of consideration was not paid, there is no cause for setting aside the deed. In Washington v. Morton, 90 Okla. 142, 216 P. 457, this court held:

"Inadequacy of consideration is not sufficient to justify a court of equity in setting aside a deed regularly executed, much less a failure to pay the purchase price. In the former case the vendor must bear the loss, as the court cannot contract for the parties; while in the latter case, he may sue and recover it."

In Battle v. Claiborne (Tenn.) 180 S. W. 584, that court held:

"Where a deed is sufficient in form to pass title to the grantee, and purports to have been made for a valuable consideration, the grantor and his heirs at law are estopped thereby to show that a valuable consideration was not paid by the grantee, where there is no fraud on grantee's part, and the rights of innocent purchasers or creditors of the grantor have not intervened.

"Even though such a deed is admittedly without consideration, it passes title to the grantee."

There was no evidence that the deed was intended to be a trust deed and no evidence of an express or resulting trust. The judgment of the trial court was general and without a finding of fact other than the defendant had failed to pay the full amount of the agreed consideration. As such, it must be considered as a judgment that there was no intention to create a trust. That judgment is not against the clear weight of the evidence. Title to real property cannot be stricken down on mere suspicion.

The record shows that the plaintiffs were accorded every opportunity to develop and present their case. The allegations of their petition were not sustained by the evidence and the trial court so found. The court had ample opportunity to arrive at a correct conclusion, and it did so. Its judgment should not be set aside unless this court, in equity and in good faith, can say that the conclusion reached is clearly against the weight of the evidence. Fowler v. Fowler, 119 Okla. 95, 248 P. 629.

From an examination of the record in this case, we are unable to say that the judgment of the trial court is against the clear weight of the evidence. For that reason that judgment is in all things affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.