## CASEY v. CASEY.

No. 32405. May 11, 1948.

*193 P. 2d 567.*

Counts & Jones, of McAlester, and J. Cal Counts, of Oklahoma City, for plaintiff in error.

Grigsby & Eberle, of Okahoma City, for defendant in error.

GIBSON, J. Herein Opal Casey sued Lester S. Casey for and obtained a divorce and decree setting apart to her certain property as her share of the estate accumulated during coverture and judgment for attorney's fees and costs. Defendant appeals.

The only error complained of is directed against the court's division of the property. The holding of the court is reflected in the following finding:

" . . . there is certain property accumulated by the parties hereto, and that the same should be divided as follows: That the plaintiff, Opal Casey, shall take and have as her separate property all of the household goods and furnishings of the parties. That she should further have the sum of $3,500.00 in settlement of the property rights of the parties herein, and in addition thereto, shall have as her attorney fees the sum of $250.00 and the further sum of $19.80, the costs of taking a deposition, and the costs of this action, all of which shall be in addition to all property or sums of money received by her prior to the trial of this cause."

It is contended that the award of $3,500, which is in addition to what

plaintiff had received prior to trial, is unreasonable, inequitable, and not supported by the evidence.

The duty of the court in making the division is stated in Hill v. Hill, 197 Okla. 697, 174 P. 2d 232, as follows:

"The statutory duty of the court (Tit. 12 O. S. 1941 §1278) in making division of property jointly acquired during marriage involves primarily the determination on equitable grounds of the extent of the right of each therein taking into consideration their respective conduct and efforts contributing to such acquisition."

Considered in the light of such standard there is nothing in the instant case to indicate nor is it contended that the plaintiff was entitled to a larger share than the defendant. And for the purpose of review, we are conceding that plaintiff was entitled to receive one-half of the accumulated property.

The court's findings neither indicate the items of property received by either of the parties or the value thereof nor the items or value of the entire estate accumulated. The evidence does reflect, however, that prior to the decree the plaintiff had received of the accumulated property certain sums represented by cash and United States Bonds, and the plaintiff admits the aggregate value thereof to be $7,200. From this it necessarily follows that in order to justify the obligation imposed upon defendant to pay to her the further sum of $3,500, it should appear from the evidence that the defendant had of the accumulated estate $7,000 more than the plaintiff which, properly, should be divided between them. Such would entail a showing of $14,200 in value to be held by the defendant.

It is contended by defendant that the evidence fails to reflect that the value of the property held by defendant at the time of the trial exceeded $5,075, and that as against that he was indebted in the sum of $1,120, leaving a net worth of $3,955.

On behalf of plaintiff it is sought to support the judgment by calling attention to various properties owned by defendant at the time of the separation the aggregate value of which is said to be $30,200, and it is urged that same or equivalent values, plus what probably should have been thereafter earned should represent the value of the property owned by defendant at time of the trial. Such argument is not sustained by the evidence. The chief items in the properties so mentioned are four trucks which are therein valued at $16,000 and 102 head of cattle that are therein valued at $10,000, aggregating $26,000 of the values alleged. The evidence reflects that the trucks cost $4,000 each, that $2,500 was borrowed to buy one and $4,000 to buy another, representing an encumbrance of $6,500 against them at that time. It further appears that three of the trucks were sold for $3,500 each aggregating $10,500, and that the other was wrecked in transit and exchanged for a Buick car of the value of $1,075. This represents that the net proceeds of the four at the time of the trial could not exceed $5,075.

It further appears that the cattle which were subject to mortgages in the sum of $7,121.08 were sold for the price of $7,800, yielding only $678.92 net after payment of the mortgages. Such argument not only ignores indebtedness which must be deducted to determine net worth, but assumes that thereafter the defendant's business yielded a profit without regard to the actual vicissitudes of the business and the effect thereof. We deem it unnecessary to review the evidence in further detail.

We have carefully considered the evidence and find therein no support for the conclusion that defendant at the time of the trial was possessed of property earned during coverture or proceeds thereof which in the aggregate exceeded that received by the plaintiff. Such being true, there is no evidence to support the decree directing defendant to pay to plaintiff the sum of $3,500. And since it is competent

for this court under the facts to modify the decree (Hill v. Hill, supra), it is ordered that same be modified by striking therefrom the provision directing defendant to pay to plaintiff the sum of $3,500, and that in all other respects the decree is affirmed.

HURST, C.J., DAVISON, V.C.J., and WELCH, ARNOLD, and LUTTRELL, JJ., concur. RILEY and CORN, JJ., dissent.