FLETCHER v. FLETCHER.

No. 34437.   Jan. 22, 1952.

Rehearing Denied May 27, 1952.

*244 P. 2d 827.*

Edward J. Fleming, Tulsa, for plaintiff in error.

Porter Smith and S. J. Clendinning, Tulsa, for defendant in error.

PER CURIAM. The plaintiff in error, Julia V. Fletcher, brought this action as plaintiff against her former husband, John A. Fletcher, to quiet title to a house and lot in Tulsa, and to three oil royalty interests in Lafayette county, Arkansas. The defendant cross-petitioned, alleging the plaintiff held a half interest in such property in trust for his use and benefit and asked that such interest be set over to him and his title quieted. From a judgment for the defendant on such cross-petition, the plaintiff appeals.

The legal title to all the property involved was in the plaintiff. The parties were married in 1915 and lived together as husband and wife until 1945. No children were born to the marriage but they had one adopted son who was fifteen years of age at the time of the separation. An uncontested decree of divorce was granted the husband in the circuit court of Barry county, Missouri, on June 25, 1946. In this decree no mention was made either of the property rights or of the custody of the child. The child remained with the mother.

The present litigation arises out of the property settlement between the parties prior to the divorce and their attempts at reconciliation after the settlement and before the divorce as well as their attempts at reconciliation after the divorce.

The defendant in his answer and cross-petition relied upon a written agreement dated July 29, 1945, admittedly drawn by the defendant and alleged to have been signed by both parties. The agreement recited the parties could not longer live together as husband and wife and that the plaintiff agreed to obtain a divorce by an uncontested suit in which the defendant was to sign a waiver. The purported agreement also recited that the adopted child should be in the custody of the plaintiff and that all property of the

482

parties should be deeded to the plaintiff, to be retained and used by her until the child became self-supporting or reached the age of 18 years, at which time the property was to be divided one-half to the plaintiff and one-half to the defendant. It further provided that the personal property should be sold at public sale and the proceeds divided two-thirds to the plaintiff and one-third to the defendant, and that a $1,000 note receivable, as well as an automobile, should be the property of the plaintiff. The plaintiff denied that she signed such contract and denied any knowledge of the same or its contents. She admitted, however, that the signature did look like hers with the exception of some minor discrepancy, and that if it was her signature to the instrument the same was obtained by the defendant by some artifice or trick and without her knowledge of the contents of the instrument. Admittedly, the parties continued to live together as husband and wife until after a farm sale at the Missouri farm on September 6, 1945.

In his amended answer and cross-petition defendant admits this contract of July 29th was superseded by a later agreement made on August 23, 1945. On that date the parties met in an attorney's office in Cassville, Missouri, for the purpose of settling their property rights. A written property settlement was then entered into between them and pursuant to this property settlement all of the property not then in the name of the plaintiff was transferred to her except a 400-acre farm in Barry county, Missouri. She testified this written property settlement provided she was to have all of the property in her name or then transferred to her for her part, and that the Barry county, Missouri, farm was to go to the defendant as his part of the property. She denied there were any qualifications or exceptions to these conveyances and denied that any part of the property was to go to the defendant when the minor became self-supporting or reached the age of 18.

She was supported in this testimony by the attorney who prepared the instrument. This testimony was disputed by the defendant who contended that the property settlement agreement then closely followed the instrument he had prepared on July 29th.

The conveyances executed on August 23rd were promptly recorded, with the exception of an additional conveyance wherein the defendant conveyed the Barry county, Missouri, farm to the plaintiff. This conveyance was placed in an attorney's safe to be delivered to the defendant at his request. This last conveyance was apparently drawn and placed in the attorney's safe for the protection of the defendant in his property rights, if any trouble developed between him and a neighbor woman he planned to marry as soon as the divorce could be obtained from the plaintiff. The farm sale was held on September 6, 1945, and the proceeds were about evenly divided between the parties. A few days later the parties came to the home of plaintiff's father, in Tulsa, and remained there for a few days. The farm was rented by the defendant to a tenant and the parties separated.

On November 28, 1945, plaintiff reconveyed the Barry county farm to the defendant, at his request. On the same date the defendant commenced a divorce action against the plaintiff, in Tulsa county, which was dismissed for lack of jurisdiction. The defendant then moved to Kansas, and began living as husband and wife with the neighbor woman over whom the plaintiff and defendant had separated. Following this plaintiff filed suit in Barry county, Missouri, to recover the farm, alleging the reconveyance to the defendant had been procured by fraud, coercion and misrepresentation. During the negotiations for settlement of this suit the defendant admitted, in his own handwriting, that the settlement between the parties, claimed by the plaintiff, had been made and that his part of the property was to be the Barry

county farm, which he agreed should be sold for $8,000, and the proceeds paid to him. On the 18th day of April, 1946, the defendant deeded the Barry county farm back to the plaintiff.

On June 25, 1946, the defendant obtained an uncontested decree of divorce from the plaintiff in Barry county, Missouri. Immediately thereafter the plaintiff deeded the Barry county farm to the defendant. The deed was not recorded but was placed in the bank at Cassville, Missouri, for safekeeping. The defendant immediately married this neighbor woman, named Fern. Defendant and Fern were divorced on October 14, 1946. Following that, and pursuant to a purported reconciliation between the plaintiff and defendant, the plaintiff procured the deed from the bank covering the Barry county farm and delivered it to the defendant. She and the defendant then agreed that the contract of August 23, 1945, and the deed should be destroyed and all copies of the same were then destroyed by fire. The defendant being ill the plaintiff took him to Kansas City for medical treatment and expended substantial sums of money for doctors and hospitalization. At the conclusion of the treatments she advanced him the sum of $500. On recovering his health and receipt of the $500, the defendant abandoned the plans for reconciliation with the plaintiff and went to Topeka, where he and Fern were remarried.

In January, 1947, the parties orally agreed the Barry county farm should be sold and the proceeds equally divided between them. This agreement was to be reduced to writing, but after it was typed the defendant neglected to call at the attorney's office and sign it. In March, 1947, the farm was sold for a price of $8,000, and after paying the sale expenses, a balance of $7,000 was left, one-half of which was paid to the defendant and received by him.

In May, 1948, during the separation of defendant and Fern, and pending the final disposition of divorce actions brought by them, another attempt was made toward reconciliation between plaintiff and defendant. This attempt ended in failure and resulted in a suit by defendant against plaintiff for wages in rebuilding a house in Arkansas. Thereafter, on August 10, 1948, an affidavit was filed by defendant in the county clerk's office at Tulsa, clouding the title of plaintiff to the lands here involved and this action followed.

The title to the property in question was in the plaintiff at the time this action was commenced. The decree of divorce between the parties was silent in regard to the property rights. It appears clearly established that after the divorce between the parties, the defendant, if he has any interest in this property, must establish such interest under the provisions of the divorce decree or some valid contract between the parties. This rule was announced in Goldsborough v. Hewitt, 23 Okla. 66, 99 P. 907, where we said:

"The rights of the wife, therefore, in her husband's estate, after a divorce is granted, are regulated and determined exclusively by the provisions of the decree of divorce, unless there is some valid contract between the husband and wife. When a wife, after the divorce, seeks to assert any claim to any part of the husband's property, homestead or otherwise, she must establish that right by the decree, or by a valid contract between herself and husband."

To the same effect is Steiner v. Steiner, 156 Okla. 255, 10 P. 2d 641, Casey v. Casey, 200 Okla. 313, 193 P. 2d 567, and Mabry v. Baird, 203 Okla. 212, 219 P. 2d 234.

Since the divorce decree gave defendant no interest in this property, his interest, if any, depends upon contract. The plaintiff denied he had any such interest. Her testimony is corroborated by two of the defendant's sisters, as well as by the attorney who prepared the contract. The trial court

found the written statement made in 1946 corroborating the testimony of the plaintiff as to the contents of the property settlement of August 23, 1945, was in the handwriting of the defendant, although he denied the same was his handwriting. The defendant's testimony was supported only by the contract of July 29, 1945. Although it was superseded by the contract of August 23rd, it might have some persuasive force as to the later agreement. Any such force is more than overcome by the testimony of the disinterested attorney who prepared the contract.

That the burden was on the defendant to establish the allegations of his cross-petition by clear and convincing evidence appears well established.

"The rule is, where a husband purchases land with his own money and takes title thereto in the name of his wife or in the joint name of himself and wife, no trust arises in favor of the husband by reason thereof in the lands standing in the name of the wife. But the presumption of law is, in the absence of evidence to the contrary, that an advancement or gift was intended." Mendenhall v. Walters, 53 Okla. 598, 157 P. 732.

To the same effect is Yates, Adm'r, v. Yates, 93 Okla. 94, 219 P. 705, in which we held:

"Where a husband purchases land with his own money and takes title thereto in the name of his wife, or in the joint name of himself and wife, no trust arises in favor of the husband by reason thereof, in the lands standing in the name of the wife, but the presumption of the law, is in the absence of clear and convincing evidence to the contrary, that an advancement or gift was intended."

These cases have been cited with approval in Fibikowski v. Fibikowski, 185 Okla. 520, 94 P. 2d 921; Owens v. Hill, 190 Okla. 239, 122 P. 2d 801, and Swisher v. Clark, 202 Okla. 25, 209 P. 2d 880.

This being a case of equitable cognizance, it is the duty of this court to weigh the evidence.

"This is purely a case of equity, and in such cases this court will consider the whole record, weigh the evidence, and where the judgment of the trial court is clearly against the weight of the evidence, will render, or cause to be rendered, such judgment as the trial court should have rendered." Pevehouse v. Adams, 52 Okla. 495, 153 P. 65.

The plaintiff having the legal title to the property in question and the defendant having failed to establish his cross-petition by clear and convincing evidence, the judgment of the trial court is against the weight of the evidence and should be reversed. The judgment is reversed and the cause remanded, with directions to the trial court to render judgment for the plaintiff, quieting her title and denying the cross-petition of the defendant.

This court acknowledges the services of Attorneys Nathan Scarritt, Cecil E. Munn, and Ted R. Moore, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.