Wauhillau SNELLING, Plaintiff in Error,

v.

Eugene L. SNELLING, Defendant in Error.

No. 41131.

Supreme Court of Oklahoma.

Oct. 18, 1966.

Robert H. Sherman, Oklahoma City, for plaintiff in error.

H. Tom Kight, Jr., Claremore, for defendant in error.

IRWIN, Justice.

Defendant in error, Eugene L. Snelling, designated herein as plaintiff, instituted a divorce action against plaintiff in error, Wauhillau Snelling, designated herein as defendant.

This cause was previously heard on the merits but a new trial was granted. Thereafter, the trial judge disqualified himself and another was duly assigned to the case. A new trial was had and it is the judgment in the last trial that is involved in this appeal.

Plaintiff's petition sought a divorce from defendant and prayed for a division of the property. Defendant filed her answer and cross-petition wherein she denied plaintiff's grounds for divorce and sought a divorce from plaintiff on the grounds of incompatability and prayed for a division of the property and alimony. The trial court granted plaintiff a divorce and denied defendant a divorce on her cross-petition. It found the encumbrances and obligations on the property exceeded the assets and that plaintiff was insolvent. Plaintiff was awarded all the property but he was required to pay all of the encumbrances and obligations thereon and to hold the defendant completely free and harmless therefrom.

From the order overruling the motion for new trial defendant appealed. No appeal is taken from the decree of divorce but only that portion of the judgment decreeing all the property to the plaintiff.

Defendant contends the trial court erred in failing to give her any of the property and this Court should make such division of the property as is equitable.

The record discloses the following: plaintiff is engaged in a tire recapping business; the property consists of equipment used in said business, a used car, a couple of used pick-up trucks, a home with small beauty shop, furniture and the business accounts receivable; the total value of the assets will amount to about twenty three or twenty six thousand dollars;

plaintiff owes more than eighteen thousand dollars on the business and more than two thousand dollars personal obligations; the business equipment, car and pick-up trucks together with the accounts receivable are all mortgaged or assigned to the bank to secure an indebtedness of more than eleven thousand dollars; the home has a first and second mortgage thereon; the total obligations of plaintiff will amount to about thirty two or thirty six thousand dollars. Plaintiff had two bank accounts and at the time of trial one of them was overdrawn by $45.00 and the other contained a balance of $12.00.

The third syllabus in Casey v. Casey, 200 Okl. 313, 193 P.2d 567, is as follows:

"In determining amount to be awarded wife as an equitable division of property of parties on divorce, computation cannot be made on basis of gross value or mere assumption that husband's business yielded a profit, since indebtedness must be deducted to determine net worth and regard must be had to actual vicissitudes of business and effect thereof."

And in Tobin v. Tobin, 89 Okl. 12, 213 P. 884, we stated:

"We think that in arriving at the net value of the property which represents the jointly acquired property of the parties, the deduction of such indebtedness as has been incurred either for the property or incident to the accumulation of the property should be made for the purpose of determining, after the indebtedness is paid, what the joint accumulation of the properties is. This is necessary before the power of the court to equitably divide the property could be intelligently exercised."

In Moyers v. Moyers, Okl., 372 P.2d 844, we held that regardless of which spouse is granted a divorce, the provisions of Title 12 O.S.1961, § 1278, remain operative with equal force and effect, and the trial court is required by its terms to effect a fair and equitable division of property acquired during the coverture by the joint industry of husband and wife.

The trial court found that defendant has already received a considerable amount of money since this cause has been pending, which she was not entitled to receive. Plaintiff paid this money to defendant under a court order for the maintenance and support of a minor child, which was not a natural or legally adopted child of these parties. The court also found plaintiff was under no legal obligation for the maintenance and support of this child; and that defendant resides in Oklahoma City and is not destitute but has employment making sufficient wages to adequately care for herself and the aforementioned child.

After reviewing the record we feel that much of the property or assets, as well as the obligations, are connected with this plaintiff's business. The record clearly supports the court's finding that this plaintiff is insolvent and that in effect there is no property to be divided between the parties. In our opinion, the trial court's judgment with reference to division of the jointly-acquired property is not contrary to the clear weight of the evidence.

Defendant urges this Court to allow a reasonable attorney's fee and expenses on appeal. Since the commencement of this litigation, defendant has employed five different attorneys or firms. Plaintiff has already paid for and on behalf of defendant the sum of $1,900.00 for attorneys fees and various expenses connected with this litigation. Furthermore, the trial court found the court records show there has been ample attorney fees paid for her attorneys throughout this litigation, and denied her any attorney fees.

We note the following pertinent matters: Plaintiff has already expended a considerable amount for attorneys fees and various expenses for his own counsel; plaintiff's insolvent condition plus the responsibility of paying all the various obligations and encumbrances on the property and the defendant being completely free from any such obligations; and defendant's apparent ability to adequately support herself.

Considering the above matters, we feel it would not be proper under these circumstances to place this additional financial burden on this plaintiff.

Judgment affirmed.